GULF, C. & S. F. RY. CO. v. KRIEGEL.
(No. 5930.)

(Court of Civil Appeals of Texas. Austin. May 29, 1918.)

ARREST ☞63(1)—ARREST WITHOUT WARRANT—ORDINANCES—VALIDITY.

Ordinances authorizing policemen of a city to make arrests without warrant for all violations of law, passed under the charter of the city empowering it to pass such ordinances, are legal.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Suit by Fred Kriegel against the Gulf, Colorada & Santa Fé Railway Company. From judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

See, also, 204 S. W. 489.

W. W. Hair, of Temple, Terry, Cavin & Mills, of Galveston, and Lee, Lomax & Smith, of Ft. Worth, for appellant. John P. Dewald, of Yancey, and Ward & Evetts, of Temple, for appellee.

JENKINS, J. The undisputed facts in this case show that appellee rode from Copperas Cove to Temple in an emigrant car, in which the goods of another party were being shipped from Copperas Cove to Arkansas; that he had no ticket, did not pay his fare, and had no right to ride in said car; that he was seen in said car in Temple by Sam Kirby, who was a watchman for appellant, and was also a policeman of the city of Temple. Kirby arrested appellee when he got out of the car, and immediately carried him before a justice of the peace, where after some parley he pleaded guilty to trespass, and paid his fine and costs. Appellee quietly submitted to arrest, and no unnecessary force was used by Kirby.

The trial court held that Kirby had no

right to make the arrest without a warrant, and instructed the jury to that effect, leaving it to them only to find the amount of damages for false imprisonment. In this the trial court was in error. The charter of the city of Temple empowers it to pass ordinances requiring arrests to be made for all violations of law without warrants. Ordinances passed under this provision of the charter authorized policemen of the city of Temple to make such arrests; such an ordinance is legal. Early v. State, 50 Tex. Cr. R. 344, 97 S. W. 82; Pratt v. Brown, 80 Tex. 608, 16 S. W. 443.

Our holding upon this point renders it unnecessary for us to pass upon other assignments of error. For the reason stated, the judgment of the trial court herein is reversed, and judgment is here rendered for appellant.

Reversed and rendered.