H. W. McCUTCHEON AND J. A. FREDERICK v. STATE.

No. 25,866. June 28, 1952.
Rehearing Denied October 22, 1952.
Writ of Certiorari Denied by Supreme Court of the
United States April 6, 1953.

420

*McCullough & Shown,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, ten years for each defendant.

The state first proved that the city of Lufkin had adopted, as authorized by Article 214, C. C. P., an ordinance authorizing arrests without warrants of persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the state law or a city ordinance.

Officer Rouse testified that, while on duty in the city of Lufkin on December 12, 1948, as he and his partner Middleton rounded a corner in the immediate vicinity of the Esquire cleaning establishment, he saw the two appellants step up onto the sidewalk, and one of them (who he later learned to be Frederick) threw something over a hedge; that the police car was brought to a halt, and they inquired of the appellants as to their identity, their business in that vicinity, and what they had thrown behind the bush. Officer Rouse stated that `the appellants denied having thrown anything, but that a search revealed two shirts behind the hedge; that he arrested the appel-

lants; drove a short distance to a parked automobile, where they had previously interrogated two women; arrested them; and carried the four, plus the automobile, to the police station. Officer Rouse testified further that the automobile was searched; and, among other things, he found a sledge hammer, punches, long files and an out-of-state license plate; and that Mr. Rudd, the manager of the Esquire Cleaners, came to the police station and was shown the shirts which had been recovered from behind the hedge.

Officer Rouse testified further that, later that night, the officers had asked the appellant McCutcheon about the location of the iron bar which had been used to enter the building; that McCutcheon returned with them to the vicinity of the Esquire Cleaners, walked over to a vacant lot, picked up a round steel bar with flat ends and handed it to the officers.

Mr. Rudd testified that, when he left his cleaning establishment in the afternoon of December 12, all doors and windows were closed; that he identified the sport shirts shown him at the police station by means of laundry marks and tickets as having come from his place of business. He further testified that when he arrived at the cleaning plant on the night in question he found the officers already there, the back door open, and a window broken as the result of having been "prized."

Officers Gandy testified that he went to the burglarized establishment and found a window had been "prized open" by a flat piece of metal; and, outside under the window, he saw shoe tracks.

The appellant Frederick, testifying in his own behalf, admitted that he had twice before been convicted of violations of the narcotic law and recounted how he and McCutcheon had gone from Houston with two women, first to Port Arthur, and thence to Lufkin, where the four of them had slept all day in a tourist court. Frederick testified that, as they prepared to leave Lufkin on the night in question, a stranger had asked for a ride with them to Houston; that they became separated from the stranger; and when he and McCutcheon went to look for him in the vicinity of the cleaning establishment they saw another strange man, who broke and ran when they called to him. He testified further that, at the spot where they had first seen the second strange man, they found some shirts and a fur coat lying on the ground; that he picked up the fur coat

and started back to their car when they noticed a police car approaching; whereupon, he threw the coat down. Frederick stated that, when apprehended by the officers, he had admitted to them having the coat in his possession and throwing it away.

Frederick denied knowing anything about the iron bar, but claimed that he was beaten by the officers after his arrest. Frederick volunteered that he had made a statement to the county attorney the following morning, but none was introduced in evidence.

Appellant McCutcheon testified in his own behalf and admitted that he received a suspended sentence for theft in 1937 and was convicted of a narcotic violation in 1946. He told practically the same story as had Frederick concerning their trip with the women and their arrest.

Concerning the finding of the iron bar, testified to by the officers, McCutcheon stated that he had been carried back to the vicinity of the cleaning establishment, and the bar had been found there by the officers themselves. McCutcheon also claimed that he had been hit with a rubber hose by one of the officers who had him in custody.

All the officers of the Lufkin police and one from Nacogdoches, who had the appellants in their custody during the investigation of the city police of this burglary, were called on rebuttal and denied that any cruel treatment was inflicted upon either of the appellants.

The jury resolved the issue of guilt against the appellants, and we find the evidence sufficient to support their verdict.

Bills of Exception Nos. 2 and 3 complain of the admission of testimony of officers concerning the finding of out-of-state license plates and burglar tools in the automobile of McCutcheon. The objection was that such proved no issue in the case.

We think the search of the automobile, under the facts of this case, was authorized by the city ordinance introduced in evidence.

Bill of Exception No. 4 consists of appellant's 22 objections to the court's charge. These are followed with a recitation that the court considered the same and made certain amendments to his charge, which amended charge appears in the transcript.

Had the appellant sought to preserve exceptions to this amended charge, he should have made them before the same was presented to the jury. Having failed to do so, they are waived.

Bill of Exception No. 5 relates to the argument of the county attorney in which he explained the delay in bringing appellants to trial by stating that they had been in and out of the Federal penitentiary.

The objection was that the remarks were out of the record.

The burglary charged in the indictment was alleged to have occurred December 12, 1948. Frederick testified that he had been sentenced in the Federal court in August, 1949, for a narcotic violation and that he was released October 31, 1950. McCutcheon testified that he was on parole from the Federal penitentiary for a narcotic violation at the time of his arrest in Lufkin, and that his parole was revoked, and that he was sent back to serve the remainder of his term because of having violated his parole by going to Lufkin.

From this, we see that the attorney was within the record.

It would serve no purpose to discuss the appellant's 57 informal bills of exception. We find attached to the statement of facts the reported arguments of state's counsel interspersed with objections by the appellant. These do not constitute bills of exception and bring nothing to us for consideration. Objections to argument must be preserved by an independent bill of exception.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original opinion in this case thoroughly discusses all proper issues and definitely reaches a conclusion as to them. The motion for rehearing would have us review the same issues as in the original opinion, which we would consider ourselves called upon to do only in the event we had made an error, or failed to interpret the bills.

It is the impression of the writer that all bills of exception

except No. 5 were properly disposed of. It would have been sufficient had the opinion called attention to the multifarious provisions of this bill and declined to consider it. For that reason we do not now do so.

The motion for rehearing is overruled.