RAYMOND M. PURDY V. STATE.

No. 26,580. November 11, 1953.

*Davis Bragg,* Belton, and *J. Wm. Thomas, Jr.,* Temple, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, ten years.

City Police Officer Wiggington testified that, while he was on duty in uniform on the night in question, a girl who worked in the Circle Bar came to him and reported that they were having trouble and asked him to come with her. The witness stated that as he and the girl neared the bar the appellant and another boy walked out, and she identified them as being the ones who had been causing the trouble. Officer Wiggington testified that he called to the boys to stop, but that they went into an alley and got in the front seat of a waiting taxicab; however, he arrived at the cab before it started moving and asked the boys to get out. The witness stated that the appellant and his companion got out; that the three of them started toward the police station; that after they had taken a few steps the appellant's companion said, "Let's jump him, I think we can both handle him"; and that immediately thereafter both appellant and his companion attacked him. Officer Wiggington stated that appellant grabbed him around the shoulders and held on to him until a cab driver pulled him loose, and as this was being done he himself was shot three times. The witness stated that the appellant and his companion fled from the scene and that he did not know which one of them had fired the shots.

Appellant and his companion were arrested some distance away a short while thereafter.

Appellant's witnesses testified that it was appellant's companion who grabbed the officer's gun and shot him and that the appellant had done no more than hold the officer. Appellant, testifying in his own behalf, denied that his companion, who was his brother, had made any statement prior to the attack and stated that all he did was wrestle with the officer trying to get loose from him.

We find the evidence sufficient to support the conviction.

We shall discuss the contentions raised by the earnest court-appointed counsel for the appellant.

Bill of Exception No. 1 complains of the admission into evidence of an ordinance of the city of Temple authorizing arrest without warrant in certain cases by city policemen of such city.

Appellant contends that the ordinance is in conflict with Article 214, C. C. P., because the statute reads, "authorizing the arrest, without warrant, of persons found in suspicious places, *and* under circumstances which reasonably show that such persons have been guilty . . ." (italics ours) while the ordinance uses the disjunctive.

Though it is not apparent from the opinion that the same objection was leveled at the ordinance, the right of the officers of the city of Temple to arrest without a warrant under an ordinance of that city was upheld in G. C. & S. F. Ry. Co. v. Kriegel, 204 S. W. 1071 (writ refused).

In Heath v. Boyd, 175 S. W. 2d 214, the Texas Supreme Court said:

"The only circumstances under which one may lawfully be arrested without warrant are: . . . . (6) when the ordinances of a city or town may authorize such action as to persons found in suspicious places or under circumstances reasonably showing that they have been guilty of some felony or breach of the peace or threaten or are about to commit some offense. . . ."

It will be noted that the court used the disjunctive instead of the conjunctive. We overrule appellant's contention in this respect. We also overrule his contention that the title of the ordinance was not broad enough to include arrests without warrant. In Northern Texas Utilities Co. v. Community Natural Gas Co., 297 S. W. 904 (writ refused), it was held that, "The requirements that the title of an act shall embrace its subjects does not apply to municipal ordinances."

It is not necessary to pass upon appellant's contention that Articles 998 and 999, Vernon's Ann. C. S., are unconstitutional. This is so because the officer in this case was fully authorized to make the arrest by the city ordinance which was enacted under the authority of Article 214, C. C. P. Said Article is not unconstitutional. See Crippen v. State, 80 Tex. Cr. R. 293, 189 S. W. 496.

Bill of Exception No. 2 relates to Appellant's Requested Charge No. 3. Such a charge would have told the jury that the arrest in question was illegal. What we have heretofore said disposes of this contention.

Bills of Exception Nos. 4 and 5 relate to requested charges

on the law of principals. We construe each to be a converse of the court's charge on principals. The court had properly required the jury to find that appellant's assault was made with the knowledge of the unlawful intent of his brother. No error is reflected by the bills.

Bill of Exception No. 6 is predicated upon appellant's contention that he could not be guilty of the offense charged, because he did not fire the pistol which inflicted the injury. Such a contention overlooks the law of principals. See Martinez v. State, 142 Tex. Cr. R. 313, 152 S. W. 2d 369.

Finding no reversible error, the judgment of the trial court is affirmed.