BARNEY ELLIS FRENCH v. STATE

No. 27,637. June 1, 1955
Rehearing Denied October 5, 1955

*King C. Haynie* and *Charles E. Heidingsfelder, Jr.*, Houston, of counsel for appellant on appeal only.

*Bernard A. Golding*, Houston, amicus curiae.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of marihuana; the punishment, seven years.

Officer Tucker, of the Narcotic Division of the Houston Police Department, testified that he and his fellow officer Free were dressed in civilian clothes and seated in an automobile near the Trade Winds Cafe watching while certain uniformed officers were in the process of making some arrests inside the cafe on the night in question; that he observed the appellant, whom he knew and about whom he had received reports that he was handling marihuana, walking from his automobile which was parked on a parking lot at the rear of the cafe. Tucker stated that the appellant proceeded to the door of the cafe, where he could see inside, but instead of entering he abruptly turned and ran back to his automobile, started the motor, and spun his wheels in an effort to beat the hasty retreat, but that he and Free moved their automobile so as to block the appellant's exit. Tucker testified that he approached the appellant's automobile, exhibited his police credentials, instructed the appellant to get out, searched his person, and found three cigarettes wrapped in brown paper, and that following this Officer Free searched the appellant's automobile and found two packages.

It was shown by Chemist McDonald that the cigarettes and the packages contained marihuana.

The appellant did not testify or offer any evidence in his own behalf.

There are two questions presented on appeal. We shall first discuss the admissibility of the fruits of the search.

The city ordinance of the city of Houston, adopted pursuant to provisions of Article 214, V.A.C.C.P., was introduced in evidence. This appears to be the same ordinance which this court upheld in Holt v. State, 144 Texas Crim. Rep. 62, 160 S.W. 2d 944, authorizing the arrest, detention and search of persons of suspicious demeanor.

In McCutcheon v. State, 158 Texas Cr. Rep. 419, 252 S.W. 2d 175 (writ of certiorari denied 345 U.S. 929, 97 L. Ed. 1359), we held the search of an automobile was authorized in a city having such an ordinance where the officers saw two men step up on the sidewalk and throw something over a hedge and, after the men denied having thrown anything, the officers found two shirts beyond the hedge and carried the men to their automobiles and searched the same.

We think that the McCutcheon case is authority for our holding here that the fruits of the search were admissible.

We do not hold that in the information which the officer had received about the appellant's connection with narcotics alone would have authorized the search, but we do hold that his flight under the circumstances here presented, together with the information which the officer had about him, authorized the arrest of the appellant as a person of suspicious demeanor under the ordinance, and the subsequent search.

The next bill of exception relates to argument of the prosecutor which the appellant contends constituted an indirect reference to the appellant's failure to testify. The very careful trial court qualified the bill by referring to the statement of facts and attached to the bill a transcript of the entire argument for the prosecution and the defense.

The bill complains of the following argument:

"I dont want you to guess a man into the penitentiary, but when the State brings you witnesses that's not rebutted, witnesses that are not impeached, to show you that this man is guily of the charge of the possession of marijuana, I say that you ought to put him in the penitentiary where he belongs ...."

From the statement of facts, we learn that, while the officers were at the scene of the arrest and while the search was in

progress, or immediately thereafter, an unidentified fourth man approached the group and, not recognizing Tucker and Free as officers, addressed the appellant as follows: "Barney, are you clean — if you are not you had better dust out, the harness bulls are inside."

It thus appears that there was another person present who knew the appellant by his first name who might have been called as a witness but was not. For argument to violate Article 710, V.A.C.C.P., it must be such as cannot reasonably be applied to the failure of the accused to produce testimony other than his own. Alford v. State, 158 Texas Cr. Rep. 311, 255 S.W. 2d 519, and Hubbard v. State, 94 Texas Cr. Rep. 580, 251 S.W. 1054.

From the statement of facts and the argument, it appears that Officer Free was not called as a witness. State's counsel stated that this was done to save time. Appellant's counsel devoted most of his argument to the failure to call Free as a witness. The appellant could have called him, and this is another reason why the argument quoted above does not reflect reversible error.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

The arrest of appellant was violative of his legal and constitutional rights. The ordinance of the city of Houston, the validity of which my brethren uphold, is void because it authorizes such an arrest.

For that reason, I do not agree to the affirmance of this case.

I may later write my views at length.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In our original opinion we neglected to cite two recent opinions of the Supreme Court of the United States on the question of the legality of the instant search. Since we feel that they are in point with the instant case, we now do so: Salsburg v. Maryland, 346 U.S. 545, 98 L. Ed. 281, and Irvine v. California, 347 U.S. 128, 98 L. Ed. 561.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.