### MELVIN RAY PILAND V. STATE

No. 27,853. November 30, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Byron Matthews* and *Ronald Aultman*, Fort Worth, for appellant.

*Howard M. Fender*, Criminal District Attorney, *Grady Hight, Eugene D. Biddle* and *Conard Florence*, Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary, with a prior offense of the same nature alleged for enhancement; the punishment, 12 years.

Sometime between midnight and 3:15 A.M. on the morning in question, one of the Bob-O-Link service stations in the city of Fort Worth was burglarized. Entrance was made by breaking a window, but access to the money was gained by means of a key which was kept in a secret place in the station known normally only to employees. The key, when in its place, was not visible to anyone in a standing position but could be found if the searcher knew where to feel. A total of $154.00 was taken, and among the currency was a 1947 Canadian quarter.

At 3:30 A.M. on the same morning, the appellant and two companions were arrested by Fort Worth police officers, and a search of the three resulted in finding $158.00 fairly equally divided among them and a 1947 Canadian quarter in the possession of the appellant.

The appellant was shown to have been a former employee of this particular Bob-O-Link service station involved in this prosecution and, while so employed, was shown to have used the key in question.

The prior conviction was established.

The appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction and shall discuss the facts more fully in discussing contentions raised by appellant's able attorneys in brief and argument.

The first contention relates to the legality of the arrest of the appellant and therefore the admissibility of the fruits of the search of his person.

One of the arresting officers testified that, while on patrol, he observed an automobile approaching them which had no front license plate and as it passed they observed that the rear license plate was a Texas plate and was badly damaged, and since Texas law requires two license plates he and his companion stopped the automobile. The officer further testified that he questioned the three occupants of the automobile, and none of them gave the same account about where they had been, that he "checked on the radio" and learned that the license plate on

the automobile was "fictitious" and then arrested the appellant and his companions. The search of their persons followed. We have concluded that the facts set forth above, though not carefully developed, constituted sufficient probable cause to authorize this search. Ringo v. State, 161 Texas Cr. R. 93, 275 S.W. 2d 121. The arrest based upon the license plate was lawful, and the search became proper as an incident to the lawful arrest.

Appellant next contends that on several occasions during the trial the court made comments upon the weight of the evidence. We shall enumerate each of his complaints: (1) The court said, "I will sustain the objection," at a time when no objection had been made, and when the absence of an objection was called to his attention he stated, "Any time the court wants to . . . " (2) An objection was made, and the court asked the prosecution, "Do you expect to connect it up, Mr. Biddle," to which he replied in the affirmative, and the court overruled the objection. (3) The court sustained a defense objection and told the prosecutor, "I sustain the objection, you have other witnesses." (4) The defense objected to a question because it was leading, and the court ruled, "You don't have to lead him. You can bring it out without that." (5) The defense objected to a question, the state assured the court that he would later show the defendant's connection, and the court, in overruling the objection, said, "It is not unusual to introduce an instrument where the State or the defendant agrees to connect it up, so it will be admitted." (6) The same situation as No. 5 above, and the court said, "Yes, I think I will instruct the jury not to consider it, unless they connect it up."

We have set forth the statements complained of in the brief because of the novelty of the appellant's contention. We are unable to perceive any merit therein and overrule appellant's contention that these remarks told the jury what the court thought the outcome of the prosecution should be or that they violated the terms of Article 707, V.A.C.C.P.

Appellant next complains of the leading questions asked by the prosecution. There were several leading questions, as there are in most criminal trials, but to the only one we consider serious, in which the prosecutor stated certain things as a fact, we find no request that the jury be instructed to disregard the question. The only request was that the court instruct counsel not to lead the witness, which request was granted. Since the court did all that he was requested to do, no error is reflected

by the bill. In Hill v. State, 144 Texas Cr. R. 57, 161 S.W. 2d 80, this court said:

"Asking harmless leading questions is not commended; yet, we note that the courts seldom reverse a case because questions are leading."

See also Deams v. State, 159 Texas Cr. R. 496, 265 S.W. 2d 96.

The brief discusses certain argument of the prosecutor. We have searched the entire record and fail to find any authentication that such argument was in fact made.

Finding no reversible error, the judgment of the trial court is affirmed.