## WINONA LOUISE TILLMAN V. STATE

No. 28,193. March 28, 1956.

*Bernard A. Golding,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, *Houston,* and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of heroin; the punishment, 5 years.

Officer Gray of the narcotics division of the city of Houston

police arrested the appellant. He stated that he and his partner Stringfellow were proceeding north in an automobile on Dowling Street at one o'clock in the morning when they were forced to a halt because a Buick automobile ahead of them made a sudden stop. He stated that as the Buick came to a stop the appellant, whom he knew "in connection with narcotics," jumped out, leaving the door ajar, and hurriedly ran around the corner; that he, thinking that she might be in trouble because of her hasty departure, followed her, overtaking her as she reached an Oldsmobile automobile in the 2400 block of Dennis Street; that he shone his flashlight on her, identified himself, and asked her what her trouble was. He stated that she replied, "Nothing," but just at that moment she threw a piece of tissue paper into the Oldsmobile, and as it landed on the front seat a small red capsule rolled out, and that he retrieved it. At that moment Stringfellow arrived with the driver of the Buick, and the parties were carried to jail.

Stringfellow corroborated a portion of Gray's testimony, and it was shown that the red capsule contained heroin.

The appellant, testifying in her own behalf, denied the possession of any narcotics and denied that she threw anything into the Oldsmobile. She stated that the Buick had come to a normal stop at the curb, that she had descended, closed the door, and walked toward the Oldsmobile, which she had parked.

There is no evidence that the Oldsmobile belonged to the appellant.

It is insisted that the arrest of the appellant and search of the automobile were illegal and that the admission of the heroin into evidence violated her constitutional rights under the 14th Amendment to the Constitution of the United States. She further contends that the recent majority opinion of this court in Thomas v. State, No. 27,968 (page 268 this volume) is authority for the reversal of this conviction.

Here we have no search of the person or automobile. Surely, it was the officer's duty to pursue a woman who was fleeing and who appeared to be in trouble. It took no search of her person or the automobile to see her throw the red capsule.

We think that the facts in Martinez v. State, 157 Tex. Cr. Rep. 603, 252 S. W. 2d 136, more nearly resemble those before us here. In that case, the officers received some information that

the appellant and his companion were engaged in the narcotic traffic and gave chase, and while in pursuit saw each of the young men throw a package into a vacant lot, which, when retrieved, were discovered to contain marijuana.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.