JAMES GLENDON SLAUGHTER V. STATE.

No. 29,827. May 21, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 18, 1958.

*Buck C. Miller,* and *King C. Haynie,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of heroin; the punishment, three years.

Officer Free of the narcotics division of the Houston police department testified, in the absence of the jury, that he had known the appellant for approximately two years and knew him to be a person who associated with people who carried narcotics but did not know where in the city he lived until shortly prior to the day charged in the indictment, that he then secured a search warrant to search appellant's apartment and proceeded to such address in company with other officers, searched the apartment, arrested several occupants thereof, and learned from one of them that the appellant would soon return in a described automobile and that the appellant had certain narcotics on his person at the time. The search warrant was not exhibited to the trial court.

In the presence of the jury, he testified that he was waiting outside the apartment when appellant drove up, and as the appellant got out of his automobile his fellow officers identified themselves as police officers, that at this moment the appellant reached in his pocket and raised his hand and tried to insert something in his mouth, but was prevented from doing so by one of the officers who was able to reach him and knock a piece of white cellophane paper out of the appellant's hand. The paper was retrieved from the ground where it fell and was shown by the testimony of a chemist to contain two one-grain capsules of heroin.

Appellant did not testify or offer any evidence in his behalf.

We overrule the appellant's contention that the arrest was

unlawful. The information in the possession of Officer Free plus the unusual act of the appellant was sufficient to lead him to believe that a felony was being committed in his presence and to authorize the arrest without a warrant. Sanders v. State, No. 29,715, 312 S.W. 2d 640, and French v. State, 162 Texas Cr. Rep. 48, 284 S.W. 2d 359. See also Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521, and Garcia v. State, 163 Texas Cr. Rep. 146, 289 S.W. 2d 766.

The judgment is affirmed.