BENNY SIRVELLO V. STATE.

No. 29,863. June 25, 1958.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) October 22, 1958.

*Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Fred M. Hooey,* and *Thomas*

D. *White* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of marihuana, the punishment, ten years.

Appellant was seen in a Houston restaurant with two companions by police officers. As they left the table where they ate, appellant and his companions passed the booth where the officers were sitting.

Officer Burke, the last to leave his seat in the cafe, saw appellant pause, bring his hand out of his right coat pocket closed, and throw a partially smoked marihuana cigarette under a table. Officer Burke retrieved the marihuana cigarette, followed the others out of the cafe and placed appellant and his companions under arrest and took them to the police station.

There a search of appellant's pockets was made and scrapings taken from several pockets other than the right coat pocket proved to contain particles of marihuana.

Appellant questions the validity of the search.

The partially smoked marihuana cigarette was not obtained as a result of any search of appellant or of his arrest, and the evidence relating thereto was admissible. Martinez v. State, 157 Texas Cr. Rep. 603, 252 S.W. 2d 186; Garcia v. State, 164 Texas Cr. Rep. 273, 289 S.W. 2d 766; Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521.

Having seen appellant in possession of the marihuana cigarette which he threw under the table, Officer Burke had the right to arrest him without a warrant. The search of his pockets following his legal arrest was not unlawful.

The remaining claim of error is predicated upon the refusal of the request of appellant's counsel to be permitted to examine "the offense report."

It is not shown that this report was used by the witness while on the stand to refresh his memory, nor was it exhibited in the presence of the jury. It was first mentioned by appellant's coun-

sel when he inquired whether it substantiated the testimony of Officer Burke. Under the facts, no error is shown.

The judgment is affirmed.