## HENRY SUTTON V. STATE.

No. 29,995. October 22, 1958.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Jno N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of heroin; the punishment life.

Officer Stringfellow of the narcotics division of the Houston police force testified, in the absence of the jury on the issue of probable cause, that on the night in question he received information from a woman he knew named Maxine that the appellant would soon thereafter be leaving his home in his automobile to make a delivery of heroin and that he proceeded at once, in company with his fellow officer Gray, to the appellant's home, which was only a short distance away. Before the jury, he and Gray testified that as they approached the appellant's home they saw him walking from the direction of his house toward his automobile parked at the curb, that as they approached him on foot with their flashlights the appellant placed an entire lighted cigarette in his mouth and threw a small tin-

foil wrapped package onto the right floorboard of his auto-mobile which when retrieved was shown to contain three one-ounce packages of heroin. He further testified that the appellant was carried immediately to the police station where he made a written confession.

The confession which was introduced into evidence stated that shortly before the appellant's arrest he had received a telephone order from a woman named Marvie Mae for three capsules of heroin, that he had secured the same, and while smoking a marijuana cigarette, had started toward his auto-mobile when he saw Officers Stringfellow and Gray approaching him, that he then swallowed the cigarette and dropped the three capsules of heroin on the floorboard of his automobile.

The appellant, testifying in his own behalf, stated that he was arrested on the left side of his automobile, and not on the right as the officers had stated; that the officers had found nothing in his automobile, but that one of them had stooped down near the right front wheel and then stated, "Look what I found." He denied the truthfulness of the confession, said that he could not read and had signed the same because the officers had instructed him to do so and because one of them slapped him once. He offered other witnesses who supported his testi-mony as to his being on the left side of his automobile at the time of his arrest and that one of the officers stooped down near the front of the automobile and said, "Look what I found." He admitted a prior Federal conviction for narcotics and three prior state felony convictions.

The appellant also called one Marvie Mae Michell who de-nied that she had called the appellant on the night in question and stated further that she had quit using heroin about three months prior to the trial.

He further introduced in evidence the testimony of Officer Stringfellow given at his own examining trial in which String-fellow recounted the details of the arrest and the finding of the heroin.

On rebuttal, the officer involved denied the alleged slapping, and the state introduced evidence that the appellant could read.

The jury resolved the question of the voluntary nature of the confession against the appellant, and we deem the evidence

sufficient to support the verdict. We shall discuss the questions raised by appellant's brief.

He first contends, if we properly understand him, that Marvie Mae Mitchell, his own witness, committed perjury which prevented him from pleading entrapment. This contention is supported by an affidavit of Marvie Mae, allegedly executed after the trial, in which she states that in fact she did call the appellant on the night in question and order three capsules of heroin but that she made such call at the suggestion of one Routt. If we considered the affidavit, it would not raise the issue of entrapment, and the appellant's contention in this respect is overruled.

He next contends that the court erred in not stopping the proceedings after Officer Stringfellow had testified so that he might secure the presence of Maxine. It was shown on the motion for new trial that the appellant had been informed by the officers prior to the trial about the identity of their informant, and the record shows an absence of any diligence to secure her presence at the trial.

His last contention relates to the legality of the search of the appellant's automobile. We have concluded that the search was unlawful and call attention to the recent cases of Sanders v. State, 312 S.W. 2d 640, and Slaughter v. State, (page 403, this volume), 314 S.W. 2d 92. See also Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521, and Garcia v. State, 163 Texas Cr. Rep. 146, 289 S.W. 2d 766. Be that as it may, when the appellant offered the testimony of Officer Stringfellow given at the examining trial he waived any complaint he may have had as to the legality of the search. Moore v. State, 163 Texas Cr. Rep. 652, 296 S.W. 2d 258.

We perceive no irregularity in the confession. Both officers were present, one gave the warning and did the questioning, while the other reduced it to writing.

Finding no reversible error, the judgment of the trial court is affirmed.