MACK MORRIS v. STATE

No. 31,200. January 20, 1960
Motion for Rehearing Overruled March 9, 1960

154

DAVIDSON, Judge, dissented.

*C. S. Farmer,* Waco, for appellant on appeal only.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is keeping and exhibiting a policy game; the punishment, 4 years.

Appellant was indicted and tried jointly with six other accuseds, one of whom was Daniel Cabin. Only this appellant appeals. Lieutenant Gann of the Austin police testified that he and officers working under him had for some three weeks prior to the day charged in the indictment kept the seven accuseds under close surveillance, watching their houses and following their activities; that on the day in question he and a team of three other unmarked automobiles observed appellant as he followed a circuitous route over the streets of the city of Austin; that each police automobile would take turns following appellant so as not to be recognized, all the while keeping in touch with each other by radio; and that finally appellant's automobile was brought to a halt in East Austin.

In the absence of the jury on the issue of probable cause for the search of appellant's automobile, Lieutenant Gann testified that during this drive he heard by radio from officer Wells that appellant had been seen meeting with one Daniel Cabin in an alley at the rear of a food store and that at such meeting Cabin handed appellant a brown paper bag and appellant handed Cabin a bundle of paper and the two had quickly separated. He also testified that he had prior to that day received information from several of his old acquaintances that Cabin was working as "pickup man" for appellant in his policy operation. In the presence of the jury, he testified that a search of appellant's automobile revealed a large paper bag which contained many smaller bundles of policy numbers or books and varying amounts of money. Appellant was arrested and carried to jail where the back of his automobile was searched and many policy books were found.

The officer who had observed the meeting testified and stated further that he had arrested Cabin after the two had separated and that he found a roll of policy "winners' tickets" in his automobile.

Earnest Brown testified that he was no longer connected with policy but that in the past he had been, that appellant had given him a "book number" as a writer but that later, after he had been picked up by Lieutenant Gann, appellant told him that he found out that the witness had been talking to Gann and he did not want him writing for him any more.

Lieutenant Gann also testified that he had compared the slips which were taken from appellant's automobile with writers' onionskin receipts which were found in the possession of some of the other accuseds and found them to be the original and carbon copy of the same policy plays, and that on other occasions a player's copy which matched the writer's onionskin copy, and also the original in appellant's possession, was found.

The above, we think, is a sufficient statement of the evidence as it relates to this appellant, and we shall discuss the contentions advanced by brief and in argument.

Appellant first contends that the court erred in admitting in evidence that portion of the confession of Cabin wherein appellant is mentioned by name. This question does not appear to have been often before this court, and certainly not since the amendment of Article 642c, V.A.P.C., which provides that a number of defendants may at the election of the state be jointly tried for keeping a policy game. The controlling case is Collins v. State, 24 Tex. App. 141, 5 S.W. 848. There, Collins and Lindley were jointly tried for horse stealing, and Lindley confessed. Presiding Judge White, in writing for the Tex. Court of Appeals, said:

> "But while the confession was legitimate and admissible against Lindley, it was inadmissible as to his co-defendant, Collins, and the court so expressly charged the jury, and instructed them that they could not consider the confession as evidence against Collins. This was all that could be done where the parties were both on trial, and the evidence valid as to one and not as to the other."

This is exactly what the trial judge did in the case at bar. Several times orally and in the charge he admonished the jury

that they could consider Cabin's confession, if they considered it at all, as against Cabin alone and not as against appellant or any of the others on trial.

Appellant next insists that the search was made without probable cause. We now return to the facts. Lieutenant Gann had been head of the vice detail of the Austin police for a number of years and had sources of information which he considered reliable. Appellant had been living in Austin for a long time. Gann had talked to many of his old acquaintances who had played policy. With this backlog of information, he began an intensive surveillance of appellant, his pickup man, and his writers. This continued for three weeks until one of Gann's officers actually saw appellant's pickup man hand appellant the day's "take" and receive from him the "winner's ticket," which is the normal operation of a policy game. We have, as we have stated, no analogous case in policy, but we have concluded that the information which the officer had, plus the exchange between Cabin and appellant, constituted probable cause and authorized the search of appellant's automobile under our holdings in Sanders v. State, 166 Tex. Cr. Rep. 293, 312 S. W. 2d 640; Sutton v. State, 166 Tex. Cr. Rep. 580, 317 S. W. 2d 58; Baray v. State, 167 Tex. Cr. Rep. 451, 321 S. W. 2d 87; and McCall v. State, 167 Tex. Cr. Rep. 559, 322 S. W. 2d 291.

We note, however, that no objection was made to the fruits of the search of appellant's automobile at the jail and that Gann testified on several occasions concerning the fruits of the search, and no objection was interposed.

Appellant next contends that the court erred in permitting Lieutenant Gann to explain to the jury how a policy game is operated. This record affirmatively reflects that Gann was as well qualified as was the witness Bell in Grigsby v. State, 164 Tex. Cr. Rep. 248, 298 S.W. 2d 595.

We overrule appellant's contention that without the confession of Cabin the evidence is insufficient to show that appellant kept or exhibited a policy game.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Davidson, Judge, Dissenting.