**Paul Doyle ARTELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35418.

Court of Criminal Appeals of Texas.

March 13, 1963.

Rehearing Denied April 24, 1963.
Certiorari Denied Dec. 16, 1963.
See 84 S.Ct. 439.

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is carrying a pistol; the punishment, 60 days in jail.

■ Officer Garcia of the narcotics division of the Houston police testified that on the day in question he received information by telephone from a reliable and credible person that appellant could be found in the 1600 block of Houston Avenue in a 1960 green Chevrolet, license number SR 6700, and that he had a quantity of narcotics in his possession; that he, in company with Officer Strickland and others, proceeded at once to said location, and as he approached the automobile which had been described to him he observed appellant, who was seated therein alone, "reaching under the front seat directly behind him." He identified himself as an officer, reached under the seat and pulled out a black holster that contained a .38 caliber Smith & Wesson revolver. Appellant was then carried to the station, and Officer Strickland took charge of the weapon and made out the offense report. Appellant did not testify or offer any evidence in his own behalf, and we find the evidence sufficient to support the conviction.

■ Appellant's attack upon the legality of the search is overruled upon authority of French v. State, 162 Tex.Cr.R. 48, 284 S.W.2d 359; Sanders v. State, 166 Tex.Cr.R. 293, 312 S.W.2d 640; Slaughter v. State, 314 S.W.2d 92; Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757; Baray v. State, 167 Tex.Cr.R. 456, 321 S.W.2d 87; McCall v. State, 167 Tex.Cr.R. 559, 322 S.W.2d 291; and Leal v. State, 169 Tex.Cr.R. 222, 332 S.W.2d 729.

■ The court did not err in declining to require Officer Garcia to name his informer. Bridges v. State, supra, and Sikes v. State, Tex.Cr.App., 334 S.W.2d 440. This is especially so since there is no showing that the informant took any material part in bringing about the offense, was present when it occurred or might be a material witness as to whether or not accused committed the offense. Anno. 76 A.L.R.2d 262, sec. 20, p. 307.

■ The sole remaining question which requires discussion is the refusal of the trial court to permit appellant to make Officer Strickland's offense report which Officer Garcia had read some time before the trial and from which he had refreshed his memory available for the purpose of cross-examining Garcia or for the purpose of perfecting his bill of exception. This Court has recently in Gaskin v. State, Tex.Cr.App., 353 S.W.2d 467; Martinez v. State, Tex.Cr.App., 354 S.W.2d 936; and Pruitt v. State, Tex.Cr.App., 355 S.W.2d 528, made what we consider wholesome progress in protecting the rights of an accused. We have been cited no case, nor has an exhaustive inquiry revealed one, which requires that a report made by a person other than the witness be made available under the rule set forth above.

We are not inclined at this juncture to expand the rule, especially in view of the relatively recent expression of the Supreme Court of the United States in Palermo v. U. S., 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed. 2d 1287, on a similar problem, as follows:

"It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment."

Finding no reversible error, the judgment of the trial court is affirmed.

McDONALD, Judge (dissenting).

I disagree with the majority opinion in their holding that the trial court did not commit error in refusing to permit appellant to examine the offense report for the purpose of cross-examining Officer Garcia or for the purpose of perfecting his bill of exception.

It seems clear to me that when the trial court refuses to direct a prosecutor to produce a memorandum or writing which a State's witness has used to refresh his recollection, and make same available to the appellant's counsel, that the right of adequate cross-examination is seriously im-

paired. The prime objective of cross-examination is to either attempt to impeach or to test the credibility of a witness.

In a case like the one at bar, when it is apparent from the testimony that the witness is today testifying to information obtained by him two weeks ago to refresh his memory, he has definitely placed the instrument in issue, whether he produces it in court physically or not. Officer Garcia was asked: "Two weeks ago you say you read the offense report?" "Yes, sir, approximately two weeks ago," he responded. He was then asked: "And you are testifying from that refreshed memory today?" He replied: "Yes, sir, I am." Officer Garcia did testify that Officer Strickland made the report, and he had no part in it himself. Yet Garcia's testimony reflects that he and Officer Strickland were together with some other officers at the time of the arrest. It is my thought that this testimony of Officer Garcia was inadmissible for the reason that the offense report was hearsay as to him. Yet the court allowed this officer to testify and adduce testimony based upon a refreshed collection from a hearsay offense report, which the court refused to direct the district attorney to make available to appellant's counsel. Appellant's counsel was not given the right or opportunity to explore or test the memory of Officer Garcia. I think the rule has been correctly stated by this Court in Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199, wherein we said: "The right to see a document or writing does not obtain when [it] is not used by the state before the jury in some way so as to make [its] contents thereof *an issue.*" In this case, the document might not have been physically present before the jury, but it definitely became an issue before them by virtue of having been used two weeks previous to refresh the recollection of the witness. The witness based his testimony upon this document.

From what I have said, it is vividly clear that I would reverse the case. I respectfully dissent.