Rex Eugene PARSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41350.

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Rehearing Denied Oct. 23, 1968.

---

1. "The Law of Principals, Accomplices and Accessories Under the Texas Statutes", 1 V.A. P.C. xiii.

Maloney, Milner & McDowell, by Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Douglas Mulder, Joe M. Hendley, Kerr P. FitzGerald, Camille Elliott, and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug, to-wit: marihuana; the punishment, fifty years.

It was shown by the state's testimony that on the day in question Officer Green, of the Dallas police department, placed a certain residence in the city under sur-

veillance. The officer observed a 1959 Chevrolet automobile parked in front of the residence and ascertained that it bore a license plate which was issued to Hertz-Rent-A-Car for a 1966 Plymouth. The following day he returned to the address with Officer Zapata and they observed the automobile, bearing the same license plate, parked in front of the residence. They proceeded past the car and, as they were driving around the block, met the vehicle being driven by appellant. They then pulled to the middle of the road and attempted to stop appellant with their red lights. Thereupon, appellant stopped his vehicle, dropped himself down to the floorboard, put the vehicle in reverse, and started backing up. After the vehicle jumped the curb, ran across some lawns, and hit some trees, appellant got out and ran. The officers gave chase and while in pursuit they observed appellant throw a vial, a "prescription bottle," in a flowerbed. Officer Zapata retrieved the bottle while Officer Green caught appellant.

Following his arrest, appellant was searched and also the car which he had been driving. In the search, some sweepings were taken from the floorboard of the car. The vial thrown by appellant and sweepings taken from the car were identified by the officers at the trial as state's exhibits 2–A and 2–C, which they put in an envelope and placed in a locked box of the crime scene search section at the city hall following appellant's arrest.

It was shown by the testimony of Dr. Morton F. Mason, director of the Dallas City County Criminal Investigation Laboratory, that a scientific analysis of the material contained in the two exhibits showed that the vial (state's exhibit 2–A) contained 1.41 grams of marihuana and the scrapings taken from the car (state's exhibit 2–C) contained "a very small amount of marihuana." Dr. Mason testified that the total weight of the material in state's exhibit 2–C was 1.112 grams, of which a small portion could be positively identified as marihuana.

Testifying in his own behalf, appellant swore that he thought the car he was driving belonged to his girl friend and denied having any knowledge about marihuana or having thrown any away on the occasion in question.

On cross-examination, appellant admitted having been three times convicted of forgery, twice for burglary, once for attempted burglary, once for murder with an automobile, and also for violation of the federal postal laws.

We first overrule appellant's contention (grounds of error five and six) that the court erred in overruling his motion for a new trial because the evidence was insufficient to show that the material recovered was marihuana in an amount sufficient to constitute an offense or that it was in fact a narcotic drug.

■ The state's proof that the vial contained 1.41 grams of marihuana was sufficient to show an offense. Tuttle v. State, Tex.Cr.App., 410 S.W.2d 780.

Dr. Mason testified that marihuana is a narcotic drug. It is so defined by statute: Art. 725b, Secs. 13 and 14, P.C. Gonzales v. State, 163 Tex.Cr.R. 432, 293 S.W.2d 786; Gonzalez v. State, 168 Tex.Cr.R. 49, 323 S.W.2d 55; Locke v. State, 168 Tex. Cr.R. 507, 329 S.W.2d 873.

We also overrule the contentions (grounds of error seven and eight) that the court erred in admitting state's exhibits 2–A and 2–C in evidence because (1) it was not shown that appellant "'possessed'" the material and (2) it was not shown that it remained in the same condition throughout the chain of custody.

The evidence as heretofore stated is amply sufficient to support the jury's finding that he possessed the marihuana in question.

■ The chain of custody of the marihuana (state's exhibits 2–A and 2–C) was shown. We do not agree that besides proving the chain of custody it was incumbent

upon the state to show that the marihuana was in the same condition as when seized by the officers.

Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627, relied upon by appellant, is not here applicable, because in that case tires were offered to show that they could not have withstood a certain high-speed trip and there was not only insufficient identification but a failure to fully account for their usage and treatment after the alleged trip.

■ Ground of error nine presents the contention that the marihuana in question was recovered as the result of an illegal arrest and search of appellant and the automobile.

■ We find no merit in the contention, as the marihuana in the vial thrown to the ground by appellant was not recovered as the result of a search. Ortega v. State, Tex.Cr.App., 414 S.W.2d 465; Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910. The operation of the vehicle by appellant upon a public highway with fictitious license plates was unlawful (Art. 807b, Sec. 5, P.C.) and authorized his arrest without a warrant. Consequently, the search of the automobile incident to the lawful arrest was legal. Piland v. State, 162 Tex.Cr.R. 362, 285 S.W.2d 230. The officers also had probable cause to arrest appellant to prevent the consequences of theft. Art. 18.22, C.C.P.; Ringo v. State, 161 Tex.Cr.R. 93, 275 S.W.2d 121.

In his grounds of error ten and eleven, appellant insists that the court erred in not quashing the indictment for the reasons (1) he was not afforded a speedy trial and (2) the attorney who prosecuted the case was so prejudiced against him that he could not "get a fair and impartial trial."

■ The record shows that the indictment was returned against appellant on June 6, 1966. Appellant was placed in the Dallas County jail on August 17, 1966. Trial was on March 23, 1967. No motion or request was made by appellant for an earlier trial. No error is shown. Dagley v. State, Tex.Cr.App., 394 S.W.2d 179; Laube v. State, Tex.Cr.App., 417 S.W.2d 288.

■ A careful examination of the record does not support the appellant's contention that he was denied a fair and impartial trial because of any prejudice against him on the part of the prosecuting attorney.

The grounds of error are overruled.

By his grounds of error one, two, three, and four, appellant complains of certain jury argument of state's counsel.

■ In his argument to the jury on the issue of guilt or innocence, State's Attorney Mulder stated to the jury that while they probably did not know what marihuana looks like the two officers "can look at it and they're going to know—this is their business. This is what they deal with."

While the careful trial judge sustained appellant's objection to the argument on the ground that it constituted unsworn testimony and instructed the jury not to consider it, such argument appears to have been a reasonable deduction from the evidence, and proper. Both officers were shown to have been attached to the narcotics section of the special service bureau and to have had several years' experience in dealing with narcotics. The refusal to grant a mistrial does not present error.

■ Further in his argument, counsel stated:

"Now he complains about the chain of evidence. We know that evidence was placed that very night in the locked evidence box there in the Crime Scene Search Section of the Identification Bureau. We know it was taken out of that locked evidence box, and by the way, that is why it is locked so nobody can get in there and tamper with it, and it was taken out there to Parkland where it was analyzed after taking the contents out and running the tests on it."

Appellant's objection on the ground that such argument was a "conclusion that no one could have tampered with it" was by the court overruled.

We perceive no error, as the argument appears to have been not only invited and in response to argument by appellant's counsel but was a reasonable deduction from the evidence.

 Later in his argument, counsel—in discussing evidence which corroborated the officer's testimony relative to finding the marihuana on the floorboard of the car and the vial thrown on the ground by appellant—stated:

"Now, another thing that corroborates what they were telling us, the physical condition of the man; he's obviously on marihuana."

Appellant's objection on the ground that such statement was not a reasonable deduction from the testimony was by the court sustained and the jury instructed not to consider. Although the court sustained appellant's objection, under the record such statement was a reasonable deduction from the testimony which showed that at the time of his arrest appellant's eyes were dilated, his speech was slow, he was walking rather "light footed," and did not have the smell of alcohol on his breath. The refusal to grant a mistrial does not present error.

Finally, in his argument to the jury, counsel—in referring to appellant—stated:

"Look at his record; you know he is. You know he is incorrigible."

Appellant's objection to the statement that appellant was "incorrigible" was by the court sustained and the jury instructed not to consider.

Under the record showing appellant's many convictions and his having served terms in penitentiaries, it could be concluded that he was incapable of being corrected. No reversible error is presented.

We overrule appellant's remaining ground of error, number twelve, wherein he contends that the jury's verdict was excessive and amounts to cruel and unusual punishment.

The judgment is affirmed.