BILL MCCLELLAND V. THE STATE.

No. 15441. · Delivered December 7, 1932.
State's Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 845.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Appellant occupied a building about 32 feet long, divided by a partition. The front room was about 20 feet long and 18 feet wide, and the back room was about 18 feet long and 12 feet wide. The front room was used as a grocery store. The rear room was used as a place in which the appellant lived; that is, he slept there but did not take his meals there. An officer, accompanied by two other persons, entered the building without a search warrant and without the consent of the appellant. They entered at the back door which opened into the rear room (which was the small room) and which, according to the testimony, was used by the appellant as a living room. At the time the officer entered, the appellant was in the front room, or the grocery store. In the partition separating the two rooms was a door. The officer observed a container in which there was a half-gallon of whisky upon the table in the back room. There was a woman lying upon a mattress in the room. The officer started to arrest her, when the appellant came and said that the whisky belonged to him. All of the foregoing

testimony comes from the state's witnesses except the specific fact that the appellant used the back room as a living and sleeping room. The fact that there was a mattress and table and that there were no groceries or anything pertaining to the grocery store in the back room comes from the state's testimony.

It is claimed that the entry and search of the back room where the whisky was found was contrary to article 1, section 9, of the State Constitution, and therefore illegal. Based upon that contention, he invokes the provision of article 727a, C. C. P., in which it is declared that evidence acquired through an illegal search is not admissible against a person in possession of property in the place where the search was made. The appellant's contention must be sustained. The court was in error in receiving the testimony showing the result of the search. Its reception was opposed by appropriate objection. The complaint of the court's ruling is brought forward by adequate bills of evception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing by the state attention is called to the following statement in our original opinion: "They (the officers) entered at the back door which opened into the rear room * * * which according to the testimony, was used by appellant as a living room."

The representatives of the state construe the quoted language as meaning that the officers entered the living room through the back door to said room. This room was separated from the store by a partition wall in which was a door. The officers entered the store, which, of course, they had a right to do, but passed back through the open door in the partition wall into the living room. Here they had no right to go without a search warrant under the circumstances presented in the record. They saw no whisky or containers until after they had improperly entered the living quarters.

The motion for rehearing is overruled.

*Overruled.*