DANIEL ROBLES v. STATE.

No. 31,024. December 2, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Cliff Tupper,* San Angelo, for appellant.

*Justin A. Kever,* District Attorney, San Angelo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, five years.

Officers Jaimes and Dominguez of the San Angelo police testified on the issue of probable cause that on the day in question they met a resident of San Angelo whom they had known for many years and whom they considered a credible person and he reported to them that he had just seen the appellant, who was known by all three of them, down by the river behind the Troy Laundry rolling some marihuana cigarettes, that they went to the spot mentioned but the appellant was gone, that they then began to patrol the area in search of him and that they soon spotted him walking away from the river. On the issue of appellant's guilt they testified that they commanded the appellant and his companion to get up their hands so that they might be searched, that appellant, who had his hands in his pockets, pulled them out and threw a white package over the officers' heads, that they immediately picked up the package and discovered that it contained what was later identified as 21 marihuana cigarettes.

The appellant did not testify or offer any evidence in his own behalf. The sole question presented for review is the admissibility of the evidence concerning the 21 cigarettes. Harper v. State, 162 Texas Cr. Rep. 295, 284 S.W. 2d 362, is relied upon. We have concluded that Harper is distinguishable on the facts and that the following cases are here controlling.

In Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521, the officer shone his light upon the accused and asked her what the trouble was, accused replied "Nothing" but at the same moment threw into an automobile a piece of paper which when recovered was shown to contain contraband. We said that there was no search of the person or the automobile.

In Garcia v. State, 163 Texas Cr. Rep. 146, 289 S.W. 2d 766, the officer saw a piece of cellophane as it was dropped

from the hand of the accused. We said that the finding of the piece of cellophane was not dependent upon a search of the person of the accused.

In Slaughter v. State, 166 Texas Cr. Rep. 403, 314 S.W. 2d 92, the officer identified himself and at that moment the accused reached in his pocket, raised his hand and tried to insert something in his mouth, at which time the officer knocked a piece of white cellophane from his hand and it was retrieved and shown to contain heroin. We held the heroin admissible.

In Sutton v. State, 166 Texas Cr. Rep. 580, 317 S.W. 2d 58, the accused threw a small tinfoil-wrapped package onto the floorboard of his automobile, which when retrieved by the officers was shown to contain heroin. We held the heroin admissible.

Finding the evidence sufficient and no reversible error appearing, the judgment is affirmed.