Guadalupe Morales MENDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 34921.

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 2, 1963.

C. C. Divine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgour-ides and Howell E. Stone, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appeal is from a 50 year sentence assessed by the jury following trial upon indictment alleging the unlawful possession of heroin and a prior conviction for possession of marijuana.

The prior conviction, in the same court in which the present indictment was returned, was shown by records of the Texas Department of Corrections including certified copies of the judgment and sentence and finger prints; and appellant's identity as the person so convicted was shown by the testimony of Officer E. G. Knowles, finger print classifier and expert in that field, who compared said prints with finger prints he had taken of the appellant and testified that they were finger prints of the same person.

Officers who had a warrant for appellant's arrest, being informed as to his whereabouts, went to No. 3 Fox Courts in Harris County. As the officers approached, appellant, who was standing on the porch, turned and ran into the house. Three of the officers ran to the rear of the house and saw appellant running out the back door. As the officers "rounded" the corner of the house, appellant turned and ran back into the house. The officers pursued him into the house and observed appellant pull out of his pants pocket a cellophane package, which he attempted to place in his mouth. "His hands were blocked" by the officers, however, and the package fell to the floor. It was picked up by the officers and thereafter its contents were analyzed by Mr. McDonald, chemist and toxicologist for the City of Houston, who testified that the package contained 10 capsules each containing one grain of 29 per cent pure heroin. The cellophane paper and capsules identified by Officer Chavez and Mr. McDonald were introduced in evidence at the trial.

Appellant offered no witnesses at the trial, nor did he testify.

We find the evidence sufficient to sustain the conviction.

Appellant filed a motion for change of venue supported by the affidavit of two compurgators to the effect that District Attorney Briscoe "has been reported by Television and Radio newsreporters and by all of the three Houston newspapers both by story and photographs that Guadalupe Morales Mendez was a person charged with an offense in Harris County and was one of twelve he most wanted to convict and most wanted to see in the penitiary, by reason of which the Defendant Guada-

lupe Morales Mendez, cannot, we think, reasonably expect a fair trial of said cause in this Harris County."

We do not construe the averment quoted as showing, if true, that either of the grounds which require a change of venue existed.

■ The court heard evidence which is before us in a separate statement of facts and overruled the motion, but no exception to such ruling was reserved. In the absence of an exception, the action of the court in overruling appellant's motion for change of venue is not properly before this Court for review. Castaneda v. State, 170 Tex.Cr.R. 323, 340 S.W.2d 489, and the cases therein cited.

■ In any event, there was no showing that any prejudice found its way into the jury box upon the trial of appellant's case. Moon v. State, 169 Tex.Cr.R. 14, 331 S.W. 2d 312; Philpot v. State, 169 Tex.Cr.R. 91, 332 S.W.2d 323.

■ No objection to the court's charge or requested charges being filed, appellant's complaints as to the charge are not before us for review.

■ Appellant's complaint that he was compelled to incriminate himself by submitting to the taking of his finger prints, for comparison with prints of the person previously convicted for possession of marijuana, is without merit. McGarry v. State, 82 Tex.Cr.R. 597, 200 S.W. 527.

■ The contention that the evidence as to the possession of heroin, and the heroin, was obtained as the result of an unlawful search is overruled. The officers had a warrant for appellant's arrest. When appellant fled the officers had the right to pursue him. Recovering the package they saw fall from his hand to the floor did not constitute a search. Robles v. State, 168 Tex.Cr.R. 617, 330 S.W.2d 454; Slaughter v. State, 166 Tex.Cr.R. 403, 314 S.W.2d 92; Garcia v. State, 163 Tex.Cr.R. 146, 289 S.W.2d 766;.

Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Lopez v. State, 171 Tex.Cr. R. 672, 352 S.W.2d 747.

If it may be said that the evidence was obtained as a result of a search, it was a search incident to a lawful arrest under a warrant, and not an unlawful search. Ferguson v. State, 133 Tex.Cr.R. 250, 110 S.W.2d 61.

The remaining claims of error have been considered and are overruled.

The judgment is affirmed.