**Leonard B. ORTEGA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40169.**

Court of Criminal Appeals of Texas.

April 5, 1967.

Rehearing Denied May 17, 1967.

Charles A. Tucker, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order revoking probation.

On June 28, 1960, appellant plead guilty to the offense of burglary and was assessed a punishment of five years in the penitentiary. Execution of sentence was deferred and appellant was placed on probation for

a period of five years, one condition being that he "commit no offense against the laws of this or any other State or the United States."

On May 28, 1965, the State filed a motion to revoke appellant's probation, alleging the terms and conditions of his probation were violated in that he, on or about April 29, 1965, committed the offense of possession of heroin. The State's motion was granted and a warrant for appellant's arrest was issued on May 28, 1965, one month prior to the time his probationary period was to expire.

The warrant was not executed until August 4, 1965. Revocation hearings were held on August 27, 1965, and September 27, 1965. Subsequent to these hearings, the trial court entered an order revoking probation.

Notice of appeal from such revocation was given prior to January 1, 1966.

The evidence at the revocation hearings shows that on April 29, 1965, appellant was arrested at a Pizza house by Houston police officers. When appellant saw one of the officers, he removed a red balloon from his pocket and threw it. The balloon landed approximately ten to fifteen feet away. Appellant was immediately arrested and the balloon was retrieved and found to contain capsules which were identified by a Houston police chemist as containing heroin.

■ The evidence is sufficient to sustain the trial court's finding that appellant violated the terms of his probation.

■ Appellant contends that his probation expired prior to his arrest, making the revocation of same void. Warrant for arrest having been issued prior to expiration of his probation, appellant's contention has no merit. Ex parte Fennell, 126 Tex.Cr. R. 286, 284 S.W.2d 727; Leija v. State, 167 Tex.Cr.R. 300, 320 S.W.2d 3.

■ Appellant also contends that his arrest for possession of narcotics was illegal in that the officers failed to obtain a warrant for his arrest. Appellant's arrest was authorized by Art. 215 C.C.P., in that narcotics officers testified that they acted on information related to one of them over the telephone by a reliable informant and that they believed they lacked time to obtain a search warrant. Weeks v. State, No. 40,037; Robles v. State, 168 Tex. Cr.R. 617, 330 S.W.2d 454. The recovery of the balloon which the officers saw appellant throw to the ground was not a search. Mendez v. State, Tex.Cr.App., 362 S.W.2d 841, and cases cited.

No abuse of discretion on the part of the trial court being shown, the order revoking probation is affirmed.