Maurice Garza **JIMENEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40739.

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Rehearing Denied Jan. 3, 1968.

J. Evans Attwell, Joseph L. Bart, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is the unlawful possession of heroin; the punishment, twenty years.

The record reflects that on the night in question Officer D. D. Collins, of the city of Houston police department narcotics division, received a telephone call at his home, around 8 p. m., from an informer who had proven to be reliable, in which call the informer stated that the appellant was driving in an automobile to a certain place in the city and that he would have heroin in his possession. In the conversation the officer was advised by the informant to "hurry up and get over there or he would be gone." Officer Collins then enlisted the aid of Officer B. E. Majors and they met at 8:30 p. m. and proceeded to the location. At approximately 9:25 the officers observed appellant driving down the street with a companion in the car. They overtook appellant and pulled him to the curb. As appellant got out of the car on the driver's side, Officer Collins grabbed him and Officer Majors approached from the other side. As Officer Majors approached, he saw a Winston cigarette package fall to the ground approximately two or three feet from where appellant was standing and bounce over near a trash can. He picked up the package, that was shown to contain .98 grams of powder which, upon analysis, was found to be fifty-five per cent pure heroin. The officers then searched the appellant, the automobile, and the other occupant in the car but found no contraband.

In his first two grounds of error, appellant insists that the court erred in denying his motion to suppress the evidence obtained by the officers and in admitting the same before the jury because, he contends, such evidence was illegally obtained as the result of an arrest and search without a warrant or probable cause, in violation of his rights under the Fourth Amendment to the Constitution of the United States and Art. 38.23 of the Vernon's Ann.Code of Criminal Procedure of this State.

We overrule the two grounds of error, as the record reflects that the cigarette package containing the heroin which Officer Majors recovered from the ground was not obtained as the result of a search. Such evidence was admissible as against the contention that it was obtained as the result of an illegal search. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Nava v. State, 170 Tex.Cr.R. 355, 340 S.W. 2d 955; Mendez v. State, Tex.Cr.App., 362 S. W.2d 841; Ortega v. State, Tex.Cr.App., 414 S.W.2d 465. If the evidence, as contended by appellant, was obtained as the result of a search, such was legal as being incident to a lawful arrest. Clifton v. State, Tex.Cr.App., 399 S.W.2d 353; Gonzales v. State, Tex.Cr.App., 402 S.W.2d 763; Rosales v. State, Tex.Cr.App., 420 S.W.2d 717.

In his third ground of error, appellant insists that the court erred in denying his motion to require the state to disclose the identity of the informer and in sustaining the state's objections to questions seeking to ascertain the identity and address of such

person. The motion alleged, in substance, that the identity and address of the informer was necessary in determining whether probable cause existed for appellant's arrest without a warrant.

The questions propounded were inquiries as to the name and address of the informer and further inquiry as to whether his name was "Sammy."

Reliance is had by appellant upon the holding of the Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 633, 1 L.Ed.2d 639, that in certain cases the name of the informer should be disclosed.

■ Recently, this court, in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, and Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, pointed out that the name of the informer should be disclosed under the decision in Roviaro v. United States, supra, in only those cases where the informer " 'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly' committed the act."

■ In the present case, the informer was not shown to have been present with appellant at the occurrence of the offense or in any manner to have taken a material part in bringing about his possession of the heroin. For such reason, the court did not err in refusing to require disclosure of the identity of the informer. Still another reason exists why the court did not err in denying appellant's motion to require disclosure of the identity of the informer. As heretofore stated, the basis of the motion was for the purpose of determining whether probable cause existed for appellant's arrest without a warrant.

In the recent case of McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62, the Supreme Court of the United States held that an informer's identity need not be disclosed in a preliminary hearing to determine probable cause for an arrest or search without warrant.

Our holding that the court did not err in refusing to require the state to disclose the identity and address of the informer disposes of appellant's ground of error #4, wherein he complains of the court's action in denying his application to take the written deposition of Officer Collins or any other officer of the Houston police department who could answer the interrogatories propounded relative to the prior criminal record of the informer. The ground of error is overruled. See: Thayer v. State, Tex.Cr.App., 397 S.W.2d 236.

■ By his fifth ground of error, appellant complains of certain jury argument of state's counsel.

In his opening argument, counsel for the state remarked and the following transpired:

"MR. STILLEY: I am only asking for strict law enforcement for this reason. You, yourself, know why you have such a law to prohibit the possession of it. Because you possess it, and you are either going to use it or you are going to sell it and I submit to you that that defendant was—

"MR. ATTWELL: (interposing) I submit that he is bringing entirely unrelated matters in here and we object to it.

"THE COURT: Overruled.

"MR. ATTWELL: Exception.

"MR. STILLEY: J submit that this defendant had it for one of those two reasons out there. Don't be misled by sympathy or anything else.

"If you are going to be sympathetic, think about the people that this law is designed to protect: You and I, the school children, all of the people must be protected from the circulation of narcotics, heroin, if you will, out there, such

as was found in this case. Again, consider the value of it.

"I don't know what they are going to say. If they are going to have the stuff just blowing the street, consider the value of it. Some $840 worth of stuff in the underworld, is it going to be just casually breezing down the street? Or is this something that this man got rid of when he was caught?

"You know the answer to that and I don't believe that you will be misled by what I am sure will be the very fine argument of defense counsel.

"Thank you.

"MR. ATTWELL: Your Honor, we are going to make a motion for mistrial, based on the objection that we made.

"THE COURT: Your motion for mistrial is denied.

"MR. ATTWELL: Note our exception."

In his closing argument, counsel argued and the following transpired:

"This is the sort of thing that can even get into the hands of school children and I believe we all know that. I am not saying that that is what this particular—

"MR. ATTWELL: (interposing) We object to that, Your Honor. That is highly prejudicial and inflammatory. In fact, I move for a mistrial on the basis of that statement by Counsel.

"THE COURT: Overruled. It is his deduction from the evidence.

"MR. ATTWELL: Note our exception."

It is appellant's contention that such argument was prejudicial to him for two reasons: first, that he was being tried for possession of heroin and the argument was obviously intended to convince the jury that they should convict him to prevent the sale of narcotics, and, second, the argument

which implied that narcotics might get into the hands of school children was without foundation and was damaging to him. Sparks v. State, 159 Tex.Cr.R. 111, 261 S.W.2d 571, is relied upon in support of such contention.

We do not agree that the argument presents reversible error. The statement by counsel that appellant had the heroin either to use or sell was a reasonable deduction from the evidence. There was no direct statement by state's counsel that appellant wanted to sell the heroin to school children, as was made in Sparks v. State, supra.

In Ramirez v. State, 163 Tex.Cr.R. 491, 293 S.W.2d 653, this court held that state's counsel did not commit reversible error in calling the jury's attention to a matter of common knowledge that some marihuana finds its way into the possession of high school children. The ground of error is overruled.

In his sixth and last ground of error, appellant insists that the court erred in failing to grant a mistrial after certain hearsay testimony was given by Officers Collins and Majors before the jury while testifying relative to appellant's arrest on the night in question. Appellant insists that a mistrial should have been ordered because the hearsay testimony related to probable cause, which was not an issue before the jury in the case.

The record reflects that on his direct examination, Officer Collins testified as follows:

"Q And you thought he [appellant] might have something that would be evidence in this case, is that correct? A Yes, sir, I had information to that effect."

Appellant's objection of hearsay was by the court sustained and the jury instructed to disregard the testimony.

Officer Majors, on his direct examination, testified that as soon as appellant was curbed he and Officer Collins jumped out

of their car "trying to get to the subject, as we believed him to have heroin in his possession."

Appellant's general objection was sustained by the court and the jury was instructed to disregard the statement made by the officer.

While there was no issue of probable cause to be submitted to the jury, we do not agree that the court's refusal to grant a mistrial presents reversible error. In each instance the court sustained appellant's objection and instructed the jury to disregard the testimony. Such action by the court distinguishes the case from Rosales v. State, Tex.Cr.App., 399 S.W.2d 541, where the court overruled the objection, admitted the hearsay testimony in evidence, with a limitation placed on the jury's consideration thereof, and there was no issue of probable cause to be submitted to it. The ground of error is overruled.

The judgment is affirmed.