**Louis Henry DANSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42290.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 4, 1970.

Leonard R. Winborn, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcom Dade, Camille Elliott, James P. Finstrom, Cecil Emerson, and J. R. Ormesher, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marijuana; the punishment, thirty (30) years.

The arresting officer testified that on the night of November 15, 1967, he was given information by a reliable informant, that a man by the name of Dansby would be in a certain area, and had in his possession some marijuana cigarettes. The officer proceeded to this area, and spotted the appellant on a street corner. He testified that he asked the appellant his name, and he replied that it was Dansby. The officer told appellant that he would like to talk to him. The appellant told him that if he wanted to speak to him he would have to get out of his patrol car and come over to him. The officer then proceeded to turn the patrol car around, and pulled up to the curb in order to converse with him. During this time, the officer testified that he saw the appellant take off his shoe, take several objects out of his shoe or sock, throw them on the ground. The officer retrieved the objects, and arrested appellant. The objects proved to be marijuana cigarettes.

Appellant contends that he was illegally arrested, no warrant was issued for his arrest, and there was no probable cause for his arrest. Appellant admits that there was no objection to the testimony concerning the arrest, nor to the admission of the marijuana cigarettes. We observe, however, that the evidence was sufficient to establish probable cause authorizing the arrest without a warrant, Thomas v. State, 163 Tex.Cr.R. 68, 288 S.W.2d 791. We further note that the contraband was not obtained as the result of a search, Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910; Robles v. State, 168 Tex. Cr.R. 617, 330 S.W.2d 454; Lopez v. State,

**340**

171 Tex.Cr.R. 672, 352 S.W.2d 747. Appellant failed to preserve his alleged ground of error, and nothing is presented for review.

Appellant's second ground of error contends that the court erred in instructing the jury to disregard the testimony of defendant while he was explaining how the officer had allegedly abused and beat him. No confession was taken or introduced. Elsewhere in the record the appellant gave a full description of his version of the alleged acts of mistreatment inflicted upon him by the arresting officers, and we find the exclusion of what they may have said to the desk sergeant to be harmless error under Article 36.19, Vernon's Ann.C.C.P.

Ground of error number two is overruled.

Upon careful examination of the record, we find no merit in the contention that appellant did not have effective assistance of counsel.

The judgment is affirmed.