Raymond R. LICERIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 42741.

Court of Criminal Appeals of Texas.

May 27, 1970.

Rehearing Denied July 15, 1970.

———◆———

Arthur L. Lapham, Victoria, for appellant.

William C. Sparks, Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., Austin, for the State.

1. Licensed under the Texas Liquor Control Act (Art. 666–1 et seq., Vernon's Ann.P.C.).

OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment, six (6) years. Trial was before the court without the intervention of a jury.

Officers entered the B & E Lounge [1] in the city of Victoria, and while there, they saw appellant bend over and place an object on the floor, and then move away from the table where he had been seated. This object was retrieved, and was shown to contain three capsules which proved to be heroin.

Appellant's sole complaint is that the officers were not armed with a search warrant. The officers received information that narcotics were to be at another tavern in the vicinity. After searching there, they came to the B & E Lounge and were in the process of searching when the incident which forms the basis of this prosecution occurred.

Admittedly, the table where appellant had been seated was in a public place. His reliance upon See v. Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943; Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930, and my brother Onion's dissent in Clark v. State, Tex.Cr. App., 445 S.W.2d 516,[2] is clearly misplaced.

This was the public portion of a lounge which was open and doing business, McClelland v. State, 122 Tex.Cr.R. 450, 55 S.W.2d 845, and the officer saw appellant place the contraband on the floor and then walk away, Dansby v. State, Tex.Cr.App., 450 S.W.2d 338.

No search warrant was required.

The judgment is affirmed.

2. Cf. Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60.