Thomas Franklin THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43955.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

John R. Coe, Houston (Court Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert R. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Justice.

This is an appeal from a conviction for possession of heroin with the punishment being assessed by the jury at 30 years.

The appellant's sole ground is that:

"The trial court committed material error, calculated to prejudice the Defendant's right to a fair trial by admitting improper and illegal evidence offered by the State, over the objection of the Defendant and to which ruling of the court the Defendant duly excepted."

The basis for this ground of error is the claim that appellant was illegally arrested and searched and the heroin was illegally seized in violation of his constitutional and legal rights.

Frank Jester, protection supervisor and security officer[1] for the Montgomery-Ward Store, 101 Northline Mall in Houston, Harris County, Texas, testified that on March 20, 1968, a forgery in the store was reported to him around noon and he made an effort to locate the individual involved in other stores in the mall but was unsuccessful; that he "checked with Dr. Rogers and got a forgery affidavit from Dr. Rogers and everything" and proceeded to wait to see if the individual involved would return to the store; that at approximately 5:00 or 5:30 p. m. he observed the appellant in Department 39 (men's suits) "signing a ticket," and that Miss Miller, an employee of the store, said "That's him right there, that signed the other ticket."

Jester then approached the appellant and inquired if he was Dr. Rogers, to which inquiry the appellant replied he was Dr. Roger's son. At this point the appellant was arrested and taken with his companion to the nearby protection or security officer. After having been given the "Miranda" warnings by Jester the appellant was asked if he had any identification. As the appellant pulled out his billfold a cellophane packet fell to the floor. Jester asked what it was and the appellant replied that it was heroin.

The appellant and the packet were turned over to a Houston police officer. The chain of custody of the packet was established and the chemical analysis showed that it was heroin.

The appellant did not testify or offer any evidence.

---

1. The testimony also revealed that Jester held a commission or "certificate" from the Harris County Sheriff.

The appellant filed a pre-trial motion to suppress the evidence. See Article 28.01, Vernon's Ann.C.C.P. This motion was not entertained by the court. See Bosley v. State, Tex.Cr.App., 414 S.W.2d 468. After the jury was empaneled a hearing was conducted in the jury's absence and thereafter the court overruled "the motion to suppress."

The State takes the position that the arrest was legal under the provisions of Article 14.01, V.A.C.C.P., and we agree. See also Article 14.03, V.A.C.C.P. Appellant claims that Article 14.01, supra, is not applicable because "the only law violation which the defendant could have been guilty of was the possession of a stolen credit card, a misdemeanor." The evidence showed that appellant was in possession of several credit cards belonging to Dr. Rogers. Jester testified without objection that "[w]hat we arrested him on was on credit fraud, forgery" and that appellant was so advised at the time of his arrest.

Further, Article 18.22, V.A.C.C.P., provides:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

It appears that Jester knew at the time that the appellant was in possession of the stolen credit cards.

We further note that the heroin was not obtained as a result of a search. See Miller v. State, Tex.Cr.App., 458 S.W.2d 680; Licerio v. State, Tex.Cr.App., 456 S.W.2d 96; Dansby v. State, Tex.Cr.App., 450 S. W.2d 338; Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910; Ortega v. State, Tex.Cr. App., 414 S.W.2d 465; 51 Tex.Jur.2d, Searches and Seizures, Sec. 29, pp. 673, 674.

The judgment is affirmed.