Jack E. CALHOUN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46115.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Monroe K. Walter, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist.

Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The appellant was placed on probation on October 29, 1969 after he was found guilty by a jury and assessed a two year punishment for unlawful possession of marihuana with a recommendation that probation be granted. Among the probationary conditions imposed was the requirement that he "[c]ommit no offense against the laws of this or any other State or the United States."

On March 12, 1971, the State filed a second amended motion to revoke probation alleging the appellant had violated the above stated probationary condition in that on or about January 20, 1971, he committed the misdemeanor offense of unlawfully carrying on or about his person a pistol.

Following a hearing on such motion on May 28, 1971, the court revoked probation and sentence was imposed and notice of appeal given.

In his sole contention, appellant alleges the court erred in admitting into evidence a pistol.

Houston Police Officer Alcorn testified that on January 20, 1971, he and Officer Williams were conducting a surveillance at an apartment complex at South Harbor and 75th Street as a result of information that narcotics were being sold out of one of the apartments. After arriving about 8:30 p. m., the officers determined that Apartment No. 2 fit the description given. As they were standing on the parking lot of the apartment complex, the appellant and a woman companion came out of such apartment and began walking towards the position of the officers. The appellant "seemed to recognize" the officers and put his hand in his pocket. At this time, the officers shined a flashlight on him and Alcorn saw him drop a pistol out of his pocket. The officers then walked over to him and Officer Williams picked up the pistol. Alcorn identified State's Exhibit No. 1 as the pistol that had been recovered as well as six shells taken therefrom. After taking the officer on voir dire examination and establishing that he had not seen the appellant commit any offense until he dropped the pistol, the appellant objected to the introduction of the pistol on the basis of an illegal arrest. The objection was overruled.

Officer Williams corroborated Officer Alcorn's testimony.

Testifying in his own behalf, appellant claimed that on the date in question he was knocked down; thrown across a car and handcuffed, and a pistol was put to his head by the two officers. He denied having the pistol in his possession.

■ We find no error in the admission of the pistol. The testimony clearly reflects that the arrest was not made until after the pistol had been dropped and recovered. Further, the subsequent arrest was legal and the pistol was not recovered as a result of a search incident to an arrest. The appellant had dropped the pistol to the ground in plain view of the officers and it was not obtained as a result of a search. Jimenez v. State, 421 S.W.2d 910 (Tex.Cr.App.1968); Ortega v. State, 414 S.W.2d 465 (Tex.Cr.App.1967); Parson v. State, 432 S.W.2d 89 (Tex.Cr.App.1968); Dansby v. State, 450 S.W.2d 338 (Tex.Cr.App.1970); Miller v. State, 458 S.W.2d 680 (Tex.Cr.App.1970); Buse v. State, 435 S.W.2d 530 (Tex.Cr.App.1969). See also Lewis v. State, 439 S.W.2d 351 (Tex.Cr.App.1969). Cf. Walker v. Beto, 437 F.2d 1018 (5th Cir. 1971) and Marshall v. United States, 422 F.2d 185 (5th Cir. 1970).

■ In a probation revocation hearing, the trial judge is the trier of the facts and

sole judge of the credibility of the witnesses and the weight to be given to their testimony. He may accept or reject any part of a witness's testimony. He is not required to believe a probationer's defense. Maddox v. State, 466 S.W.2d 755 (Tex.Cr. App.1971).

The court did not abuse its discretion in revoking probation.

The judgment is affirmed.