Edward SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 45816.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Rehearing Denied April 18, 1973.

Felix Salazar, Jr., Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of heroin. Punishment, enhanced with two prior burglary convictions under the provisions of Article 63, V.A.P.C., was assessed at life.

Appellant initially complains that the arresting officers did not have probable cause to arrest and search him. Relying on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, he argues that the heroin was unlawfully seized and therefore inadmissible.

The record shows that on September 26, 1969, Officers Michael Chavez and T. A. Bell of the Houston Police Department received information from an informant that appellant and a female companion were at Janie's Lounge, had heroin, and would be there only a short time. Out of the presence of the jury, Officer Chavez testified that he had previously received correct information from this informer who had provided not only the name of appellant's female companion, but had also described in detail the clothing worn by both appellant and his female companion. The record then reflects that these two officers went immediately to Janie's Lounge. Upon

entering the lounge, the officers saw appellant and his female companion playing pool. The two officers had observed appellant place one hand in his pocket as they entered the lounge. After they identified themselves as police officers, appellant threw a small tinfoil package behind him. Officer Chavez picked up the package and upon examination found that it contained three smaller tinfoil packages, all of which contained a brown powder. A Marquis test was performed on the powder at the scene and the results indicated that it was heroin. Officer Bell testified that he then gave the Miranda warning to appellant and Officer Chavez re-read the warning to be sure that appellant understood. The record then shows that appellant advised officers that he had additional heroin at his mother's home. Appellant took the officers to his mother's home where, after receiving her permission, they entered and appellant produced a plastic bag containing thirty (30) packets of heroin from a closet in the bathroom.

■ The package of heroin obtained at the time of appellant's arrest was not obtained as a result of a "search." Dansby v. State, Tex.Cr.App., 450 S.W.2d 338. The record shows that the heroin packets obtained from his mother's home were handed to Officer Chavez freely and voluntarily by appellant; therefore, his constitutional rights were not violated. Further, the evidence was sufficient to establish probable cause authorizing appellant's arrest without a warrant. Thompson v. State, Tex.Cr.App., 470 S.W.2d 902; Dansby v. State, supra. Article 14.01, V.A.C.C.P., provides that ". . . a peace officer may arrest an offender without a warrant for an offense committed in his presence or within his view." Appellant's contention is overruled.

■■ Next, appellant contends that the court erred in admitting testimony concerning his statement about possessing the heroin in his home. He contends that his rights under Article 14.06 and Article 15.-17, V.A.C.C.P., were violated because he was not taken before a magistrate. The evidence reflects that appellant was advised of his rights as contained in the above referenced articles by both of the arresting officers. Under the circumstances of this case it was not necessary for the officers to take the appellant before a magistrate before going to his home to obtain the other heroin. It is not a requirement for one to be taken before a magistrate under Article 15.17, supra, before a statement or confession may be admitted. See Article 38.22, V.A.C.C.P., Buchanan v. State, Tex.Cr.App., 453 S.W.2d 479 (1970). This ground of error is overruled.

Assuming that the matters raised in appellant's pro se brief are properly before us, they do not reflect error.

No reversible error being shown, the judgment is affirmed.