**Edward Earl CHAFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47471.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

———◆———

William R. Magnussen, Fort Worth, (On appeal only), for appellant.

Tim Curry, Dist. Atty., Robert S. Williams, Timothy E. Thompson, William A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On September 21, 1971, the appellant entered a plea of guilty before the court to the offense of burglary with intent to commit theft. His punishment was assessed at four (4) years, but the imposition of the sentence was suspended and the appellant was placed on probation conditioned, among other things, that he commit no offense against the laws of this State.

On August 16, 1972, the State filed a motion to revoke probation alleging that the appellant had committed the offense of robbery by assault with a firearm on or about the 3rd day of August, 1972, in Tarrant County.

On October 23, 1972, the court revoked probation after a hearing on said motion finding that appellant had violated his probation by committing the robbery alleged in the revocation motion.

In his sole ground of error appellant contends the trial court abused its discretion in revoking probation in that the evidence was insufficient to show a violation of his probationary conditions. His argument is that the witnesses' identification of the appellant was "extremely weak" and that none could positively identify him as the perpetrator of the robbery.

Brad Crawford testified he was the sole employee in the Six Pak Shop in Arlington on the night of August 3, 1972, when he was robbed at gunpoint about 9:30 p.m. He related that the robber took $102.00 or "something around there." When asked if the appellant was the man who robbed him, he first stated, "I believe so," later said he "couldn't say positively sure," and still later, after the appellant stood in open court, testified "No, I don't think that is the one that came into the store."

He related that as he was calling the police immediately after the robbery two boys came in and gave him a description of a car and its license plate number which he relayed to the police.

Gary Still, a high school student, testified that on the night of August 3rd about 9 p.m. he was sitting on the front porch of James Couch's house about two hundred feet from the store in question when he observed two men in a Rambler automobile circling the block and then park near the store. The men got out, conversed near the back fender and then started towards the store only to retreat when an apparent customer "turned in" at the store. The men returned to the car and then drove up to the corner and made a left turn. Still related he and Couch walked out to the middle of the street and observed the car was parked along the side. Still then rode a bicycle by the car and obtained the license number, FKY 178, which was a 1972 Texas registration. The two men were not in the car, but Still observed them running to the car from the direction of the store carrying a paper sack.

When asked if he could identify the appellant as one of the two men he saw Still replied, "I think so. I think he was there." Later he stated he had an opportunity to observe him three different times, and he had identified the appellant at the Arlington police station thirty to forty-five minutes after the robbery. Still later when asked if he was positive about his in-court identification he related, "I couldn't be positive. I mean . . . ."

James Couch's testimony was much the same as Still's. He related that he had identified the two men at the police station about twenty minutes after the robbery and was sure then of his identification, but he was unable to make an in-court identification " . . . because its been a long time."

Jerry F. McCurry, Arlington city policeman, testified he arrested the appellant and one Pringle about ten minutes after the robbery following a police broadcast giving a description of the car, its license number and the clothing of the occupants. In the car he found a .45 caliber automatic pistol and a brown paper sack containing $102.82.

Appellant testifying in his own behalf told a rather disjointed story. He related the car was his sister's and that he used it on the night in question and met Pringle at a hamburger stand. He related Pringle borrowed the car to pick up a friend, Jerry Williams, and that he later let Williams use his car and that subsequently Williams and his cousin came back to the hamburger stand and all four then left. Williams and his cousin were then taken to within five or six blocks of "home" and the appellant and Pringle started towards Fort Worth when they were arrested. Appellant testified he knew the gun found was Pringle's and he had seen Williams return the gun to Pringle and that Williams paid him $5.-00 for the use of the car, but did not know that the paper sack containing $102.82 was in the car.

"In a revocation of probation hearing the trial judge is the trier of the facts and the sole judge of the credibility of the witnesses and the weight to be given to their testimony. He may accept or reject any part of a witness' testimony." He is not required to believe an accused's defense. See Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971), and cases there cited. Parsons v. State, 486 S.W.2d 313 (Tex.Cr. App.1972). See also Calhoun v. State, 486 S.W.2d 302 (Tex.Cr.App.1972).

Under the facts of this case we cannot conclude the trial judge abused his discretion in revoking probation. The evidence was sufficient to show appellant was a principal to the robbery by assault with a firearm as alleged in the motion to revoke probation.

The judgment is affirmed.