528 S.W.2d 337 (1975)
In the Matter of A. A. A., a child.
No. 1008.
Court of Civil Appeals of Texas, Corpus Christi.
September 30, 1975.
*338 James Roby Clopton, McAllen, for appellant.
Gordon M. Young, Edinburg, for appellee.

OPINION
BISSETT, Justice.
This is an appeal from an order of the Juvenile Court of Hidalgo County, Texas, wherein it was found that A. A. A. (appellant), a male child, who was born on February 23, 1958, "is a child whose conduct is delinquent" in that on or about the 3rd day of August, A.D., 1974, he intentionally carried a handgun on or about his person in violation of the law. As a result of that order, the child was committed to the care, custody and control of the Texas Youth Council.
Trial commenced on April 3, 1975. At the adjudication hearing, Mr. Ramiro Salinas, the arresting officer, testified as follows: On August 3, 1974, he was employed by the City of McAllen, Texas, as a police officer; on that day, while on duty and on patrol, at about 11:00 p. m., the headlights on his cruising patrol car revealed two people sitting on the back portion of a pickup truck which was "parked off the street, close to the curb" in McAllen; as he approached the parked vehicle, he turned his spotlight on, and saw one of the people put his right hand in front of his waistline, seize an object and throw it to one side; he then stopped his patrol car, got out and went directly to the place where the object landed, where he found a .25 caliber automatic pistol; he picked up the pistol and placed appellant under arrest.
Appellant objected to the introduction of the pistol into evidence on the ground that the same was obtained as a result of an illegal search of his person. In his first point, appellant contends that "the admission of such evidence violated the defendants' Fourth Amendment rights as guaranteed by the Constitution of the United States and by the Constitution of the State of Texas". We do not agree.
*339 In the Federal Courts, under the doctrine known as the "plain view" rule, it has long been settled that objects falling in plain view of an officer (either in daylight or in artificial light), who has a legal right to be in the position to have that view, are not the products of a search, are subject to seizure and may be introduced into evidence without violating the provision of the Fourth Amendment to the Federal Constitution. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Marshall v. United States, 422 F.2d 185 (5th Cir.Ct.App.1970). In the latter case, a deputy sheriff, who was on regular duty, stopped at a restaurant for coffee at about 1:15 a.m. While there, he approached a car in the parking lot, and observed Marshall, the defendant, reclining in the driver's seat of a parked car, apparently asleep. Shining his flashlight into the car, the officer noticed a sawed-off shotgun resting on the floorboard between Marshall's feet. He placed Marshall under arrest for being in possession of an illegally made firearm. At the trial, Marshall objected to the introduction of evidence concerning the shotgun on the ground that it had been obtained as the result of an illegal search. On appeal, it was held that the government's evidence concerning the shotgun was properly admitted into evidence and that the use of a flashlight did not constitute a Fourth Amendment search. The court, speaking through Mr. Justice Goldberg, said:
"A probing, exploratory quest for evidence of crime is a search governed by Fourth Amendment standards whether a flashlight is used or not. The mere use of a flashlight, however, does not magically transmute a non-accusatory visual encounter into a Fourth Amendment search. When the circumstances of a particular case are such that the police officer's observation would not have constituted a search had it occurred in daylight, then the fact that the officer used a flashlight to pierce the nighttime darkness does not transform his observation into a search. Regardless of the time of day or night, the plain view rule must be upheld where the viewer is rightfully positioned, seeing through eyes that are neither accusatory nor criminally investigatory. The plain view rule does not go into hibernation at sunset."
The Texas Court of Criminal Appeals also adheres to the doctrine of the "plain view" rule. It is settled law in this State that when an officer, in a darkened environment and in a position where he has a right to be, observes with the aid of a flashlight or spotlight, the throwing away of an object, that the act of throwing the object away comes within plain view of the officer and that such object is legally admissible in evidence at the trial of the accused. Gomez v. State, 486 S.W.2d 338 (Tex.Cr.App.1972); Calhoun v. State, 486 S.W.2d 302 (Tex.Cr. App.1972); Onofre v. State, 474 S.W.2d 699 (Tex.Cr.App.1972); Legall v. State, 463 S.W.2d 731 (Tex.Cr.App.1971).
In Gomez, the Court observed that when contraband is thrown, dropped, or placed away from the person of the accused in a public place, the recovery thereof does not involve a search, and the contraband is admissible into evidence at the trial of the accused.
The defendant, in Calhoun, had been charged with the offense of illegally carrying a pistol on or about his person. He was observed by two police officers walking toward the position of the officers at about 8:30 p. m. He seemed to recognize the officers and put his hand in his pocket. The officers then shined a flashlight on him and they saw a pistol drop out of his pocket. The pistol was introduced in evidence at the trial over the objection of the defendant.
The Court of Criminal Appeals, speaking through Judge Onion, its Presiding Judge, held:
"We find no error in the admission of the pistol. The testimony clearly reflects that the arrest was not made until after the pistol had been dropped and recovered. Further, the subsequent arrest was legal and the pistol was not recovered as *340 a result of a search incident to an arrest. The appellant had dropped the pistol to the ground in plain view of the officers and it was not obtained as a result of a search...."
In Onofre, the arresting officer observed contraband on the seat of a vehicle when he shined his flashlight into an open door of the vehicle. The court held that this contraband was in plain view, was not the product of an illegal search, and was admissible in evidence.
The facts in Legall present a series of events very similar to those found here. There, the officer saw two vehicles on the side of the road at approximately 11:00 p. m. and stopped to ask if they needed help. He shined his flashlight into one of the vehicles and observed the contraband. The court explained that under these circumstances he had a right to seize what he observed in open view, and that the contraband was properly admitted into evidence.
Tex.Penal Code Ann., Art. 46.02, makes it an offense for a person to knowingly or intentionally carry a handgun on or about his person. Tex.Code Crim.Proc.Ann., Art. 14.01, authorizes a police officer to arrest an offender, without a warrant, for any offense committed in his presence or within his view.
In the instant case, the evidence concerning the pistol, including its introduction into evidence, is clearly within the scope of the plain view rule. Appellant was not arrested until after he had thrown the pistol away and it had been recovered by the arresting officer. The pistol was not recovered as a result of a search incident to an arrest.
The use of the spotlight by Officer Salinas did not constitute a search of appellant's person or of the parked pickup. It was nothing more than a non-accusatory encounter with appellant's person; it was not criminally investigatory in nature, and did not take place in connection with a probing, exploratory quest for evidence.
The act of throwing the pistol to the ground was done openly and voluntarily by appellant. It occurred in a public place which was exposed to visual observation, with the naked eye during daylight and by a visual aid such as a spotlight at night. The officer had a legal right to be at that place at that time. The plain view rule must be applied in this case. Officer Salinas did not engage in a search within the meaning of the Fourth Amendment to the Constitution of the United States. No violation of the rights guaranteed appellant by the Texas Constitution is shown. Appellant's first point is overruled.
Appellant contends in his second point of error that the trial court erred in overruling his objection to the admission of reports by the Juvenile Probation Department and the Mental Health and Mental Retardation Center. He argued that these reports are hearsay and that their admission into evidence violated his constitutional right to cross-examine the maker of the reports.
The reports here attacked were admitted in evidence during the disposition hearing conducted on April 17, 1975. The rules governing such a hearing are found in the Tex.Family Code Ann., § 54.04. Written reports of probation officers and professional consultants may be considered by the court at the disposition hearing.
Good reason exists to give the judge the latitude afforded by Tex.Family Code Ann., § 54.04(b) to consider "written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses" in deciding the disposition to be made of the child. Hughes v. State, 508 S.W.2d 167 (Tex.Civ. App.Corpus Christi 1974, writ ref'd n.r. e.); Tyler v. State, 512 S.W.2d 46 (Tex.Civ. App.Beaumont 1974, no writ).
Appellant does not complain nor is it revealed by the record that the two reports were not available for his inspection. The record reflects that the reporter of the probation *341 officer was prepared by Mr. Roberto Gonzalez, an officer of the Juvenile Probation Department, Hidalgo County, Texas. He was called by the State to testify in the disposition hearing, and was cross-examined by counsel for appellant. The second report was prepared by a staff psychologist of the Mental Health and Mental Retardation Center, Hidalgo County, Texas, and forwarded to Miss Elvira Saldana, a juvenile probation officer of Hidalgo County, Texas, who was also called by the State to testify at the disposition hearing. The report of the staff psychologist was entered into the record under her testimony. Appellant also cross-examined Miss Saldana. Appellant did not subpoena the psychologist nor does he show that the psychologist was unavailable at the time of trial.
Appellant further contends that the reports should be suppressed because they constitute evidence which was gathered subsequent to an illegal detention. That contention is without merit. The information contained in the reports was not obtained as a result of the seizure of the handgun or the detention of the juvenile. The reports were completed by professionals after physical and psychological testing of the juvenile and investigation of the juvenile's environment, including home, family and school. The numerous federal cases cited by appellant in support of his theory that "an illegal arrest having made any evidence thereafter gathered is illegal as the reports admitted against the appellant as such evidence violates his 4th amendment rights" are not in point. Appellant's second point of error is overruled.
The judgment of the juvenile court is affirmed.