NO. 07-02-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 24, 2003

_____

CLIFFORD S. VALENTINE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 99-463,420; HONORABLE RUSTY LADD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Upon hearing evidence on the State's motion to revoke that appellant Clifford S. Valentine violated the conditions of community supervision imposed for an assault conviction, the trial court revoked community supervision and assessed punishment at 270 days confinement. Presenting two issues, appellant urges abuse of discretion by the trial

court in revoking his community supervision for (1) failing to report because the evidence established he attempted to comply with his obligation, and (2) failing to pay for, attend, and complete a domestic violence course and anger counseling because the evidence established he was unable to afford the courses and because no evidence exists he was ever directed to attend anger counseling. Based upon the rationale expressed herein, we affirm.

On January 25, 2000, appellant was convicted of assault and placed on community supervision for 24 months. On January 28, he was given permission to reside in Ohio and was instructed to report by telephone and mail until Ohio accepted him for community supervision. On July 14, appellant contacted the community supervision office in Lubbock to notify them that Ohio did not accept his supervision because of a new charge of driving under the influence. According to his community supervision officer's testimony, appellant was instructed to continue reporting by mail. His mail-in reports were sporadic and he was behind in required payments. In August 2001, appellant's community supervision officer informed him that a report would be submitted to move for revocation.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). The State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State,

2

851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. 1981). In a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. Chafer v. State, 500 S.W.2d 139, 141 (Tex.Cr.App. 1973). The court is not required to believe an accused's defense. *Id.* When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd).

Appellant returned to Texas in September 2001. Karla Davis, appellant's community supervision officer, testified that when appellant was placed on community supervision, the conditions were reviewed with him, and written and verbal instructions were also given. Evidence at the revocation hearing established he failed to report by mail as instructed for the months of September, October, November, and December 2000, and January, March, May, and July 2001. Evidence of other violations was also presented. On cross-examination, appellant testified he was familiar with the conditions of community supervision. However, his defense for failing to report by mail on numerous occasions was

3

lack of the necessary forms. He claimed he left messages on the answering machine of the community supervision office and that months would pass before he would receive a response. Davis testified that messages were checked often, but that it was possible to miss a message if the voice mailbox became full.

The trial court was entitled to accept or reject any part of either witness's testimony. *See Chafer*, 500 S.W.2d at 141. Between September 2000 and January 2001, appellant failed to report for five consecutive months, making his explanation for failing to do so suspect. Viewing the evidence in the light most favorable to the trial court's ruling, we cannot conclude an abuse of discretion occurred. Issue one is overruled. Because the violation that appellant failed to report by mail as directed is a sufficient ground to support the revocation order, we need not address appellant's second issue by which he alleges abuse of discretion in finding he failed to pay for, attend, and complete the domestic violence course and anger counseling. *Moore*, 605 S.W.2d at 926.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4