**Eugene PARSONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45942.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

**314**

Mark Pool, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of an order revoking probation.

The appellant was placed on probation following his guilty plea before the court to the offense of possession of marihuana on May 19, 1971. The punishment was assessed at 10 years and the imposition of the sentence was suspended.

On November 8, 1971, the State filed a motion to revoke probation. An amended motion to revoke probation was filed by the State on November 22, 1971, alleging that the appellant had committed the offense of assault with intent to murder Robert Vogel on or about October 27, 1971, in violation of his probationary condition that he "(1) [c]ommit no offense against the laws of this or any other State or the United States." It also alleged that on or about October 13, 1971, the appellant unlawfully carried on or about his person a pistol.

On December 16, 1971, the court conducted a hearing on such motion at the conclusion of which appellant's probation was revoked on the grounds alleged in the State's motion. Sentence was imposed and notice of appeal given.

Appellant contends the evidence was insufficient to justify revocation and the court abused its discretion in doing so.

Robert Vogel testified that about 10:45 p. m. on October 26, 1971, he was at the Charbroil restaurant in the City of Dallas when he saw the appellant drive up into a parking lot nearby. Vogel related he approached the appellant and inquired about some money he had lent the appellant several weeks before that date; that the appellant replied he was tired of being asked for the money and pulled a knife and that he (Vogel) then struck at the appellant; that, after he was stabbed in the arm, he fled, with the appellant in pursuit, and he was subsequently stabbed in the lung; that he fell and the appellant got on top of him and stabbed him in the leg and kept saying "he'd kill me." Vogel testified that when his date, Donna Davis, came out of the restaurant, she hollered and the appellant got off of him. Vogel related he was in the hospital one week and displayed his scars to the court.

Donna Davis substantially corroborated Vogel's testimony.

Dallas City Police Officer Dryk testified that when he arrested the appellant in the early morning hours of October 27, 1971,

the appellant was in possession of a bloody knife and "two forty units hypodermic syringes with residue in them and three needles."

Dallas City Police Officer Holmes testified that on October 13, 1971, about 8 a. m., while on patrol, he and his partner observed two men standing on Lemmon Avenue soliciting a ride in violation of a city ordinance. As they circled the block, the two men were picked up by a male driver driving a 1965 Chevrolet, and, as they pursued the car, Officer Holmes observed the appellant seated alone in the rear seat, and saw him duck out of sight to his left when the police vehicle's red light was turned on. The car was stopped and the appellant and his hitchhiking companion were arrested and a .22 caliber pistol was found under some clothing on the back seat of the car about six inches from where the appellant had been seated. All of this testimony was admitted without objection.

Testifying in his own behalf, appellant denied the possession of the pistol found on October 13, 1971, and testified he didn't know the driver who picked him up and in whose car the pistol was found.

He related that on October 27, 1971, he was approached by Vogel, who demanded repayment of the loan, and that when he reached in his pocket for the money, that Vogel struck him; that he then pulled a knife in self-defense because he knew Vogel carried a pistol and Vogel's hand was in his pocket.

■ In a revocation hearing, the court is the trier of the facts, the judge of the credibility of the witnesses and the weight to be given to their testimony and he may accept or reject any part of a witness's testimony. He is not required to believe an accused's defense. See Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971), and cases there cited.

■ Finding the evidence sufficient to justify the revocation, there is no abuse of discretion.

The judgment is affirmed.