# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-18-00673-CR
NO. 03-18-00674-CR

---

**Ashlee Dunbar, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 424TH DISTRICT COURT OF LLANO COUNTY
NOS. CR7254, CR7255, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Ashlee Dunbar appeals the trial court's judgments revoking community supervision. *See* Tex. Code Crim. Proc. art. 42A.755. Raising four points of error, appellant argues that the trial judge and her court-appointed attorney violated her constitutional rights and that the trial court improperly assessed attorney's fees. For the following reasons, we affirm the judgments revoking community supervision in trial court cause number CR7255, and we modify the judgment revoking community supervision in trial court cause number CR7254 to remove the assessment of attorney's fees and, as modified, affirm the judgment.

## Background

Pursuant to a plea bargain, appellant pleaded guilty in July 2017 to the second-degree felony offense of possession of a controlled substance in trial court cause number

CR7254, *see* Tex. Health & Safety Code § 481.115(d), and to three counts of the state-jail felony offense of endangering a child in trial court cause number CR7255, *see* Tex. Penal Code § 22.041(f). The trial court sentenced appellant to ten years' confinement in cause number CR7254 and two years' confinement for each count in cause number CR7255 but suspended imposition of the sentences and placed appellant on community supervision for five years in both causes. *See* Tex. Code Crim. Proc. art. 42A.053.

The State filed a motion to revoke in both causes in February 2018. Appellant signed a waiver of rights and pleaded true to the alleged violations of the terms and conditions of her community supervision as set forth in the following paragraphs of the State's motions to revoke:

> 5. The defendant failed to report in person to the Probation Officer of the Community Supervision and Corrections Department of Wichita County, Texas, (courtesy supervision) as directed by the Probation officer for the following months: December 2017, January 2018 and February 2018, with a last report date of November 7, 2017. The Defendant failed to report by mail or online to Llano County for the months of December 2017, January 2018 and February 2018.
>
> . . . .
>
> 12. The defendant failed to submit to a (urine or hair follicle) test requested by the Community Supervision Officer on November 7, 2017 (a fail to submit) and November 8, 2017 (a fail to report).
>
> 13. The defendant failed to participate and work, without compensation, ten hours per month in a community service restitution program or task as directed by the Community Supervision Officer for a total of 375.00 hours.
>
> 14. The defendant failed to pay the following amounts to and through the Community Supervision and Corrections Department:
>
> a. The defendant is $175.00 delinquent in Court costs.
>
> b. The Defendant is $420.00 delinquent in Probation Fees.

c. The Defendant is $35.00 delinquent in Crime Stoppers fee to the LLANO Crime Stoppers Program.

e. The Defendant is $140.00 delinquent in Fines.

f. The Defendant is $175.00 delinquent in Court appointed attorney fees.

The trial court heard the State's motions to revoke in September 2018. The exhibits included appellant's waiver of rights and plea of true to the State's allegations in the above-stated paragraphs in both causes. After the State abandoned the allegation in paragraph 12 that defendant failed to report on November 8, 2017, appellant pleaded true in open court to the remaining allegations. In addition to the exhibits, the trial court was provided with the incident report from the original charges, appellant's criminal history, and a presentence investigation report. *See* Tex. Code Crim. Proc. art. 42A.253 (addressing contents of presentence report). Defense counsel represented to the trial court that they had a copy of the presentence report and that he "[had] been informed that everything was correct and accurate to the best of [appellant]'s knowledge." *Id.* art. 42A.255 (allowing defendant or defendant's attorney to comment on presentence report and, "with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy in the investigation or report").

During the hearing's punishment phase, the State did not call any witnesses, and the defense called only appellant. Appellant testified that she did not report to the "probation office" because of an "abusive boyfriend" who "was trying to hunt [her] down anywhere and everywhere," knew the location of the office, and would wait outside the office. She also testified that she met with her community supervision officer in November 2017, but she had not kept in touch with the officer after that meeting because the officer asked her to take a drug test, and she "did not have the money to do it and [she had not] kept in contact with her since." After

closing arguments, the trial court asked appellant about her children, the children's father, and her work history. Appellant testified that her cousin who lived in Kansas had adopted her children, that appellant "[had not] had any communication with them since they were taken," and that the children's father was in prison from the incident that formed the underlying basis of the State's original charges against her.

At the conclusion of the hearing, the trial court found that appellant had violated the conditions of supervision, revoked appellant's community supervision in both causes, and sentenced her to seven years' confinement in cause number CR7254 and two years' confinement for each count in cause number CR7255. These appeals followed.

## Analysis

**Challenge to Trial Judge's Impartiality**

In her first point of error, appellant challenges the trial court's impartiality based on the trial judge's allegedly "improper comments" during the punishment phase of the revocation hearing. Appellant characterizes the trial judge's comments as "exhibit[ing] disgust and a moral judgment in reaching his decision to revoke appellant's [community supervision]" and alleges that the comments reveal a lack of impartiality that violated her rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 19, of the Texas Constitution.

As an initial matter, we observe that appellant did not object to the trial court's comments or to her sentence at the time it was imposed, and she did not move for the trial judge's recusal. *See* Tex. R. App. P. 33.1(a) (stating that failure to raise contemporaneous objection generally results in failure to preserve error); *see also* Tex. R. Civ. P. 18a (providing

4

procedure for judge's recusal); *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) (explaining that ordinarily complaint regarding improper judicial comment must be preserved at trial). For purposes of this appeal, we assume without deciding that appellant's first point of error may be raised for the first time on appeal. *See Loge v. State*, 550 S.W.3d 366, 378 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (assuming without deciding that appellant's complaint about judicial comments that allegedly violated appellant's "right to an impartial judge" did not need to be preserved to be considered on appeal).[1]

"Due process requires a neutral and detached hearing body or officer." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). Judicial remarks may show bias and lack of impartiality "if they reveal an opinion that derives from an extrajudicial source," and "they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "When reviewing allegations of bias, we must bear in mind that trial courts are given broad discretion to express themselves and their opinions, including opinions that may be 'critical, disapproving, and even hostile toward' a party or his attorney." *Hernandez v. State*, No. 03-07-00040-CR, 2010 Tex. App. LEXIS 851, at *68–69 (Tex. App.—Austin Feb. 5, 2010, no pet.) (mem. op., not designated for publication) (quoting *Abdygapparova*

---

[1] Appellant contends that "the right to an impartial judge is an absolute right that can never be waived or forfeited." *See Proenza v. State*, 541 S.W.3d 786, 799–800 (Tex. Crim. App. 2017) (discussing preservation requirements concerning complaints about trial judge's comments on evidence before jury when complaints were not raised at trial); *Castro v. State*, No. 02-17-00196-CR, 2018 Tex. App. LEXIS 1615, at *6 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication) ("A trial judge's comment that cannot be viewed as fair and impartial is fundamental error of constitutional dimension; therefore, a defendant does not have to object at trial to raise this class of error on appeal."). As noted above, we assume without deciding that appellant's first point of error may be raised for the first time on appeal.

*v. State*, 243 S.W.3d 191, 199 (Tex. App.—San Antonio 2007, pet. ref'd)). "Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display." *Liteky*, 510 U.S. at 555–56. "In the absence of a clear showing to the contrary, a reviewing court will presume that the trial court was neutral and detached." *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *see Brumit*, 206 S.W.3d at 645.

As support for her position that the trial court violated her constitutional rights by not being impartial, appellant quotes the following statements by the trial judge:

> And you have kids that you're not taking care of at all, not doing anything to support, that somebody else is having to take care of, and that's really sad.
>
> . . . So you brought two kids into this world and you've done nothing to help them and somebody else is having to raise them.
>
> . . . Okay. Well, here's the thing on the abusive relationship: So your husband is in prison. So then you went and found somebody who now you're claiming was abusive and prevented you from doing your probation. And I don't believe for a minute that if you picked up the phone and called your probation officer in Wichita Falls, or here, or anywhere else and said, "Hey, I'm in an abusive relationship. I need help", I don't believe for a minute that they wouldn't have tried to accommodate you and tried to help you, but you didn't do that.

Appellant also focuses on the trial judge's alleged misstatements, such as his statement that appellant had "picked up a possession of a dangerous drug charge," to argue the trial court's judgments are "based on facts not in evidence or alleged." Appellant further focuses on her sentence in cause number CR7254, arguing that "seven years in TDCJ for purely technical violations of probation" was not an "appropriate sentence."

Viewing the trial judge's challenged comments in context, we conclude that they do not reveal a lack of impartiality toward appellant that would establish that the trial judge

6

ceased to function as a neutral and detached hearing officer. *See Brumit*, 206 S.W.3d at 640–41, 645 (viewing trial judge's "comments just before sentencing" in context of evidence that was before judge); *Abdygapparova*, 243 S.W.3d at 198 ("[I]n the absence of a clear showing to the contrary, an appellate court presumes the trial court was neutral and detached"); *see also Williamson v. State*, No. 05-17-00411-CR, 2018 Tex. App. LEXIS 453, at *3 (Tex. App.—Dallas Jan. 12, 2018, pet. ref'd) (mem. op., not designated for publication) (explaining that "neutral and detached hearing officer is not synonymous with a silent observer" and that this principle is "'especially true where the judge is charged with developing facts to inform his exercise of discretion'" (quoting *Hill v. State*, No. 05-14-01445-CR, 2016 Tex. App. LEXIS 3951, at *24 n.3 (Tex. App.—Dallas Apr. 14, 2016, no pet.) (mem. op., not designated for publication))). The record reflects that the trial judge considered and referred to the presentence report. *See* Tex. Code Crim. Proc. art. 42A.253(a)(1), (3) (requiring presentence report to be in writing and to include "circumstances of the offense with which the defendant is charged" and defendant's "criminal and social history"). The trial judge also had the original incident report before him, and appellant testified that the children's father was serving eight years in prison based on the same underlying incident that formed the basis of the State's original charges against her, which involved possession of methamphetamine in the residence where appellant's children resided.

The record also does not support that the trial judge predetermined appellant's sentence. *See Brumit*, 206 S.W.3d at 645 (concluding that trial judge's comments in that case "[did] not reflect bias, partiality, or that the trial judge did not consider the full range of punishment" and distinguishing trial judge's comments "from those cases where appellate courts have found either partiality of the trial judge or that the trial judge imposed a predetermined

7

sentence"). When the trial judge asked appellant to explain "why [he] should give [her] anything less than what [she] originally agreed to," she responded that she "[had] no explanation." Further, as to cause number CR7254, the trial court reduced appellant's sentence of confinement from the original sentence of ten years to seven years.

Based on our review of the record, we cannot conclude that the trial judge's comments during the revocation hearing overcame the presumption that he acted as a neutral and detached hearing officer. *See Brumit*, 206 S.W.3d at 645; *Jaenicke*, 109 S.W.3d at 796. His comments do not reveal that his decisions were derived from an extrajudicial source or that he had "such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky*, 510 U.S. at 555. We overrule appellant's first point of error.

**Facts Outside the Record**

In her second point of error, appellant contends that "[t]he trial court erred in allowing erroneous facts outside the record offered by the judge as an alternative explanation for violating the terms of her probation" in violation of her rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution; Article I, Sections 10 and 19, of the Texas Constitution, and Texas Rules of Evidence 103 and 605. *See* Tex. R. Evid. 103 (addressing rulings on evidence), 605 (prohibiting presiding judge from testifying as witness at trial and stating that "party need not object to preserve the issue"). Appellant contends that the trial judge "discounted appellant's testimony, completely for his own testimonial offers of proof that were outside the record and devoid of fact." Specifically, appellant contends that the trial judge's statements reveal that: (i) he improperly considered "another possession charge" and the State's allegation concerning requested drug testing on November 8 when "the State agreed to

8

abandon [that allegation]" and appellant "did in fact submit to the hair follicle test"; (ii) refused to believe appellant's testimony about an abusive relationship "despite the fact that her boyfriend was arrested three times for family violence issues"; and (iii) "deemed her to be an uncaring parent that refused to support her children" when there was "no evidence presented before him regarding the intricacies of the removal of the children or whether it was indeed voluntary."

To the extent that appellant is complaining about the trial court's admission or consideration of allegedly inadmissible evidence, appellant did not object or raise this complaint with the trial court and, therefore, has not preserved this complaint for our review.**2** *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). To the extent that appellant is complaining about the trial judge testifying as a witness, we consider this complaint because no objection was required for our review. *See* Tex. R. Evid. 605. We also assume without deciding that Texas Rule of Evidence 605 applies in the context of revocation hearings. *Cf. Smith v. State*, 290 S.W.3d 368, 381 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (observing that "probation–revocation hearing is an administrative proceeding, not a 'trial on the merits'" and that "probationers 'need not be afforded the full range of constitutional and statutory protections available at a criminal trial'" (citing *Davenport v. State*, 574 S.W.2d 73, 75 (Tex. Crim. App. 1978))).

---

**2** For example, appellant's attorney did not object to the trial court's consideration of the presentence report and affirmatively represented to the trial court that it was correct and accurate to the best of appellant's knowledge.

In her briefing, appellant contends that "a violation of [Tex. R. Evid.] 103(d) by the judge when they are sitting as fact finder would be a fundamental error that may be raised on appeal for the first time." Texas Rule of Evidence 103(d), however, is directed to jury trials. It states: "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Appellant also relies on *Gipson v. State*, 844 S.W.2d 738 (Tex. Crim. App. 1992), but we find that case unhelpful. The appeal in that case was from a bench trial, and the trial judge stated on the record that her judgment was based on the defendant's inadmissible confession. *Id*. at 741.

9

Based on our review of the record, we conclude that the trial judge did not testify as a witness at the revocation hearing but advised the parties of his concerns and thoughts based on the evidence before him. *See State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.) (concluding that trial judge's remarks at new trial hearing "recalling . . . his own internal thought processes" were not testimony prohibited by Rule 605); *see also Hensarling v. State*, 829 S.W.2d 168, 170 (Tex. Crim. App. 1992) (explaining that Rule 605 prohibits "judge who is presiding over a proceeding" from "'step[ping] down from the bench' and becom[ing] a witness in the very same proceeding over which he is currently presiding"). The trial judge expressly referenced the presentence report and appellant's testimony when explaining his concerns about appellant's children and skepticism about her stated excuse for failing to stay in contact with her community supervision officer. *See Stringer v. State*, 309 S.W.3d 42, 45, 48 (Tex. Crim. App. 2010) (discussing purpose of presentence report and explaining that it is "tool for the court to use in determining punishment"); *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (holding that trial court may consider "extraneous misconduct evidence" that is contained in presentence report when assessing punishment). Appellant testified about her abusive boyfriend who knew the location of the "probation office," but she also testified that she notified the community supervision officer in November 2017 about her boyfriend's arrests and that she did not stay in contact with the probation officer because "[the officer] wanted [her] to come back three days later and have a hair follicle done," she "did not have the money to do it," and she "[hadn't] kept in contact with her since."

Concerning appellant's complaint that the trial court disbelieved her testimony about her abusive boyfriend, we note that the record does not necessarily reflect that the trial court disbelieved her testimony that her boyfriend was abusive but reflects instead that the trial

court did not credit the abusive boyfriend as the reason appellant failed to comply with her supervision conditions. We further observe that, even had the court disbelieved her testimony, the court was entitled to do so. In a revocation proceeding, the trial court, as the exclusive trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). The court may accept or reject all or any part of a witness's testimony. *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977); *Ellis v. State*, 456 S.W.2d 398, 399–400 (Tex. Crim. App. 1970); *see Parsons v. State*, 486 S.W.2d 313, 315 (Tex. Crim. App. 1972) (observing that trial judge in revocation hearing "is not required to believe an accused's defense").

In summary, we conclude that appellant did not preserve her complaint about allegedly inadmissible evidence, that the trial court did not testify as a witness during the revocation hearing, and that the trial court appropriately exercised its duty as the trier of fact in a revocation proceeding. We overrule appellant's second point of error.

**Assessment of Attorney's Fees**

In her third point of error, appellant argues that the trial court improperly ordered her to pay court-appointed attorney's fees, and the State agrees. In the judgment in cause number CR7254, the trial court assessed court-appointed attorney's fees in the amount of $675, and the bill of costs in that case includes court-appointed attorney's fees in the amount of $1,350.

When the trial court determines that a defendant "has financial resources that enable him to offset in part or in whole the costs of legal services provided" by court-appointed counsel, the trial court properly orders the defendant to pay "as court costs the amount that the

11

judge finds the defendant is able to pay." Tex. Code Crim. Proc. art. 26.05(g). However, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p).

In cause number CR7254, the trial court determined that appellant was not financially able to employ an attorney and appointed counsel to represent her in connection with the original charges against her, the State's motion to revoke, and her appeal. Thus, there is no factual basis in the record to support a determination that appellant has the financial resources to pay the assessed attorney's fees. *See Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013) (concluding that "there was no factual basis in the record to support a determination that Appellant could pay the [attorney's] fees" where trial court determined appellant to be indigent and "there was never a finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel").

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment revoking community supervision in cause number CR7254 to delete the assessment of attorney's fees. *See Cates*, 402 S.W.3d at 252 (explaining that proper remedy is to reform judgment by deleting attorney's fees from order assessing court costs); *West v. State*, 474 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (modifying judgment to remove assessment of

12

attorney's fees because record contained "no evidence of appellant's ability to pay for legal representation"). On this basis, we sustain appellant's third point of error.[3]

**Challenge to Defense Counsel's Question**

In her fourth point of error, appellant argues that her rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 19, of the Texas Constitution were violated because "[d]efense counsel abandoned his role of advocate when acquiescing to the judge's punishment determination in attacking [appellant]'s explanation for violation of her terms of probation." As support for this argument, appellant complains about her attorney's question to her, "Do you realize how dumb that sounds?" Her attorney asked this question after appellant answered "No," to the question if she "just didn't report because of money." In her answer to the question preceding that one, appellant testified:

> I did let [my community supervision officer] know [about my abusive boyfriend]. That's when I met her in November. She had me to do a urinalysis for her and she wanted me to come back three days later and have a hair follicle done. I did not have the money to do it and I haven't kept in contact with her since.

We construe this point of error to be a complaint that her attorney provided ineffective assistance of counsel.

---

[3] We further direct the trial court clerk to delete the attorney's fees from the bill of costs and to prepare a corrected bill of costs in cause number CR7254. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.) (ordering trial court clerk to delete attorney's fees from bill of costs and prepare corrected bill of costs); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (explaining that "attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment").

**Standard of Review**

To establish ineffective assistance of counsel, an appellant must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307–08; *see also Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) (explaining that "accused is not entitled to representation that is wholly errorless" and that "reviewing court must look to the totality of the representation in gauging the adequacy of counsel's performance"). The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. "[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Strickland*, 466 U.S. at 697).

**Prejudice Prong**

In this case, we limit our discussion to the prejudice prong as it is dispositive of appellant's claim. *See id*. Appellant has not shown that, absent the complained-of conduct, the result of the proceeding would have been different. Appellant pleaded true to multiple violations of her terms of community supervision. *See Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("A finding of a single violation of the terms of community supervision is sufficient to support revocation."). Further, despite appellant being unable to

provide the trial judge with an explanation when he asked her why he should give her "anything less than what [she] originally agreed to," the trial court reduced her sentence from ten years to seven years in cause number CR7254. *See* Tex. Code Crim. Proc. art. 42A.755(a) (authorizing judge when community supervision is revoked to "proceed to dispose of the case as if there had been no community supervision" or "if the judge determines that the best interest of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed"); *see also Smith v. State*, 286 S.W.3d 333, 344 (Tex. Crim. App. 2009) (explaining that "decision of what punishment to assess after adjudicating the defendant guilty is a purely normative process, not intrinsically factbound, and is left to the unfettered discretion of the trial judge"). On this basis, we overrule appellant's fourth point of error.

**Conclusion**

We modify the trial court's judgment revoking community supervision in cause number CR7254 to remove the assessment of attorney's fees and, as modified, we affirm the trial court's judgment. We affirm the trial court's judgments revoking community supervision in cause number CR7255.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Cause No. 03-18-00673-CR: Modified and, As Modified, Affirmed

Cause No. 03-18-00674-CR: Affirmed

Filed: April 23, 2020

Do Not Publish